STATE OF NORTH CAROLINA v. JERRY CARL MANESS

No. 481A86

(Filed 3 February 1988)

**1. Criminal Law § 92.4— burglary and robbery—consolidated for trial—no error**
The trial court did not err by granting the State's motion to consolidate charges of first degree burglary and armed robbery for trial where the

evidence showed a common scheme whereby defendant and his accomplice broke and entered an occupied dwelling house at night, armed with a dangerous weapon, intending to steal property therein, and upon entering used the weapon to threaten the occupant of the house for purposes of taking his personal property. N.C.G.S. § 15A-926(a).

### 2. Criminal Law § 73.1— defendant's exculpatory statements—not present sense impressions or excited utterances—not admissible

The trial court did not err in a prosecution for first degree burglary and armed robbery by granting the State's motion *in limine* prohibiting defendant from eliciting evidence of certain out-of-court exculpatory statements made by defendant until he himself testified where the statements were not present sense impressions or excited utterances because they were made nine days after defendant was arrested. N.C.G.S. § 8C-1, Rules 803(1) and (2).

### 3. Criminal Law § 73.1— defendant's exculpatory statements—hearsay—not admitted as public record

The trial court in a prosecution for first degree burglary and armed robbery did not err by granting the State's motion *in limine* prohibiting defendant from eliciting evidence of certain out-of-court exculpatory statements made by defendant until he testified where these statements were hearsay and could not be admitted under the public records and reports exception of N.C.G.S. § 8C-1, Rule 803(8) because that rule excludes in criminal cases matters observed by police officers.

### 4. Criminal Law § 84— fruit of the poisonous tree—testimony not tied to illegal seizure—properly admitted

The trial court in a prosecution for first degree burglary and armed robbery properly refused to exclude testimony regarding property seized from defendant's accomplice, testimony by the accomplice regarding the property, and testimony by a witness who had seen the property in defendant's apartment, despite granting defendant's motion to suppress the testimony of the arresting officers as to those two items, because none of the testimony at issue here could be traced to that seizure.

### 5. Burglary § 5; Robbery § 4.3— burglary and armed robbery—evidence sufficient

There was substantial evidence of each essential element of first degree burglary and robbery with a dangerous weapon and substantial evidence that defendant committed those crimes where the evidence tended to show that defendant entered the victim's house through a window at 11:00 p.m., put a gun to the victim's head and led him into the kitchen; defendant unlocked the back door so that his accomplice could enter; defendant and the accomplice searched and ransacked the bedroom; the accomplice put a pillowcase over the victim's head and defendant tied him up; defendant and the accomplice then searched and ransacked the house, taking property from the house and loading it into the accomplice's truck; and, before leaving, defendant threatened to kill the victim if he did not tell him whether there was any more money.

**6. Criminal Law § 115— armed robbery and burglary—instruction on lesser included offenses not required**

The trial court did not err in a prosecution for burglary and armed robbery by not submitting to the jury lesser included offenses where defendant's defense was that he committed no crime at all and defendant presented no evidence of any lesser included offense.

**7. Criminal Law § 113— burglary and armed robbery—no instruction on lack of evidence of prior criminal activity—no error**

The trial judge did not err in a prosecution for first degree burglary and armed robbery by not instructing the jury on the lack of evidence of defendant's prior criminal activity or convictions. A trial judge is required to declare and explain the law arising on the evidence but is not required to instruct on the nonexistence of evidence.

**8. Criminal Law § 106— denial of motion to set aside verdict—no error**

The trial court did not abuse its discretion in a prosecution for first degree burglary and armed robbery by denying defendant's motion to set aside the jury verdict as not supported by the evidence.

**9. Criminal Law § 138.41— burglary and robbery—failure to find good character or reputation as mitigating factor—no error**

The trial court did not err in a prosecution for first degree burglary and armed robbery by failing to find as a mitigating factor that defendant had been a person of good character or had a good reputation in the community in which he lived where defendant argued that such a finding was compelled by testimony that a witness had never seen him do anything. Good character as used in the Fair Sentencing Act means something more than the absence of bad character; furthermore, the trial judge specifically found that the witness's testimony was inherently incredible.

**10. Criminal Law § 140.3— armed robbery and first degree burglary—consecutive sentences—no error**

The trial court did not abuse its discretion in a prosecution for armed robbery and first degree burglary by imposing consecutive sentences.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a life sentence imposed by *Watts, Judge*, at the 14 July 1986 Session of Superior Court, NEW HANOVER County. This Court allowed defendant's motion to bypass the Court of Appeals for an appeal of a sentence of less than life. Heard in the Supreme Court 14 October 1987.

The defendant was tried for first degree burglary and robbery with a dangerous weapon. Evidence presented at trial tended to show the following: On 18 March 1986, 72-year-old Jesse Millis went to bed at 9:00 p.m., with all the doors locked and all the windows closed. At 11:00 p.m., the defendant entered Mr.

Millis' house through a window. Mr. Millis woke up and began to raise himself up. The defendant put his gun to Mr. Millis' head and said "You see it, don't you?" The defendant then told Mr. Millis to get up, grabbed him by the arm, led him at gunpoint into the kitchen and set him down on the floor. The defendant then unlocked the back door and his accomplice Arnold Douglas Smith entered. The defendant and Mr. Smith went into the bedroom and searched and ransacked it. Mr. Smith put a pillowcase over Mr. Millis' head and the defendant tied him up with a dog collar and masking tape. The defendant and Mr. Smith searched and ransacked the house. They took property from the house and loaded it into Mr. Smith's truck. This property included a telephone, three kerosene heaters, an oak cabinet, a color television, and $25.00. Before leaving, the defendant asked Mr. Millis, "Old man, have you got any more money stashed around here? You better tell me the truth and tell me the truth now, because if you don't I'll kill you laying right there." After they drove away, Mr. Millis managed to free himself and go to a neighbor for help.

Jasper Hall testified for the defendant that while he and Mr. Smith were incarcerated at the Wilmington Law Enforcement Center, Mr. Smith told him that the defendant "didn't have a God damn thing to do with" the offense.

The defendant was convicted as charged and received consecutive sentences of life imprisonment for the first degree burglary and 25 years imprisonment for the robbery with a dangerous weapon. Defendant appealed.

*Lacy H. Thornburg, Attorney General, by George W. Boylan, Special Deputy Attorney General, for the State.*

*R. Theodore Davis, Jr., for defendant appellant.*

WEBB, Justice.

[1] In his first assignment of error, the defendant contends the trial court erred in granting the State's motion to consolidate the two offenses for trial. The defendant argues that trying both charges in front of the same jury overwhelmed the jury with evidence against him and prejudiced the jury against him.

N.C.G.S. § 15A-926(a) provides, in pertinent part, "Two or more offenses may be joined . . . for trial when the offenses . . . are based on the same act or transaction or on a series of acts or

transactions connected together or constituting parts of a single scheme or plan." A trial court's ruling on joining cases for trial is discretionary and will not be disturbed absent a showing of abuse of discretion. *State v. Hayes*, 314 N.C. 460, 334 S.E. 2d 741 (1985). Public policy strongly favors joinder because it expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve on juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once. *State v. Boykin*, 307 N.C. 87, 296 S.E. 2d 258 (1982).

In the present case, the evidence shows a common scheme whereby defendant and his accomplice broke and entered an occupied dwelling house at night, armed with a dangerous weapon, intending to steal property therein, and upon entering, used the weapon to threaten the occupant of the house for purposes of taking his personal property. It was clearly no abuse of discretion to hold that this series of acts constituted a single scheme or plan and that the requirements for joinder in N.C.G.S. § 15A-926(a) were satisfied. This assignment of error is overruled.

[2] The defendant next contends the trial court erred in granting the State's motion in limine prohibiting the defendant from eliciting evidence of certain out-of-court exculpatory statements made by the defendant, until he himself testified. The State and the defendant stipulated that if allowed to testify, Officer Hayes of the New Hanover Sheriff's Department would have testified that "the defendant did state that the items in question in the case were not his, were brought there by Doug Smith and that he did not participate in the crime." The court granted the State's motion in limine on the ground that these statements were, among other things, hearsay not covered by any exception to the hearsay rule.

The defendant argues that these statements constituted "present sense impressions," "excited utterances," and "public records and reports," i.e., the police report, and were thus admissible under any of these exceptions to the hearsay rule. We disagree.

In order to constitute a "present sense impression," a statement must have been made "while the declarant was perceiving

the event or condition, or immediately thereafter." N.C.G.S. § 8C-1, Rule 803(1). While the record does not make clear exactly when the defendant made his statement to Officer Hayes, it is clear that he made it after Hayes arrested him nine days after the crime. Nine days later cannot be considered "immediately thereafter" and thus the statement was not a present sense impression.

Neither was it an "excited utterance," which is a "statement relating to a startling event or condition made while the defendant was under the stress of excitement caused by the event or condition." N.C.G.S. § 8C-1, Rule 803(2). For this statement to qualify as an excited utterance, "there must be (1) a sufficiently startling experience suspending reflective thought and (2) a spontaneous reaction, not one resulting from reflection or fabrication." *State v. Smith*, 315 N.C. 76, 86, 337 S.E. 2d 833 (1985). The nine-day interval between the event and the statement precludes the statement from being "a spontaneous reaction, not one resulting from reflection or fabrication."

[3] The statement cannot be admitted under the "Public Records and Reports" exception of N.C.G.S. § 8C-1, Rule 803(8), since that rule specifically excludes "in criminal cases matters observed by police officers and other law-enforcement personnel." The defendant's assignment of error has no merit.

[4] The defendant next contends the trial court erred in admitting the testimony of three witnesses concerning property taken from Mr. Millis. At the time the defendant was arrested on 27 March, the arresting officers conducted a search of his apartment and seized a kerosene heater and an oak cabinet which had been stolen from Mr. Millis. Prior to trial, the defendant moved to suppress testimony of the arresting officers as to these two items. During trial, the court conducted a voir dire, and granted the defendant's motion, holding that the items were seized in violation of the defendant's constitutional rights.

The defendant now argues that the court erred in admitting the testimony of three other witnesses. The defendant argues that this testimony must be excluded under the "fruit of the poisonous tree doctrine" because it can be traced back to the illegal seizure on 27 March. We disagree; none of the testimony of these three witnesses can be traced to the 27 March seizure.

Deputy Hayes testified regarding some property seized from the defendant's accomplice Arnold Douglas Smith on 20 March. This property was not the same property that was illegally seized from the defendant seven days later; testimony regarding it cannot be "traced back" to the illegal seizure.

Mr. Smith testified that he and the defendant had loaded the property they took from Mr. Millis onto a pickup truck and had taken it to Mr. Smith's home in Winnabow. Then, the defendant asked for the heater and oak cabinet, and they brought them to his house that night. These were the same heater and oak cabinet that were illegally seized from the defendant on 27 March. However, Mr. Smith's testimony regarding these items was based upon his own participation in the crime and the subsequent distribution of the stolen property, and cannot be "traced back" to the illegal seizure.

Vivian Thomason testified that she had seen kerosene heaters in the defendant's apartment on or after 19 March, when she was paying him a visit as a friend. This testimony cannot be "traced back" to the illegal seizure on 27 March. The defendant's assignment of error has no merit.

[5]   The defendant next assigns error to the trial court's denial of his motion to dismiss at the close of all the evidence. The defendant argues that there was insufficient evidence to convict him of the crimes charged.

When a defendant moves for dismissal, a trial court must determine, for each charge, whether there is substantial evidence of each essential element of the offense charged, and of defendant's being the one who committed the crime. If that evidence is present, the motion to dismiss should be denied. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* In ruling on a motion to dismiss, the court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *Id.* Contradictions and discrepancies must be resolved in favor of the State. *Id.*

*State v. Holden*, 321 N.C. 125, 147, 362 S.E. 2d 513, 528 (1987).

The defendant in the present case was convicted of first degree burglary and robbery with a dangerous weapon. The essential elements of first degree burglary are: (1) the breaking, (2) and entering, (3) in the nighttime, (4) into a dwelling house or a room used as a sleeping apartment, (5) of another, (6) which is actually occupied at the time of the offense, and (7) with the intent to commit a felony therein. *State v. Ledford*, 315 N.C. 599, 340 S.E. 2d 309 (1986). The essential elements of robbery with a dangerous weapon are (1) the unlawful taking or attempt to take personal property from the person of or in the presence of another, (2) by the use or threatened use of a dangerous weapon, and (3) whereby the life of a person is endangered or threatened. *State v. Fields*, 315 N.C. 191, 337 S.E. 2d 518 (1985).

We conclude that the evidence, as set forth at the beginning of this opinion, is substantial evidence of each essential element of both first degree burglary and robbery with a dangerous weapon, and is substantial evidence that the defendant committed these crimes. The defendant's motion to dismiss was properly denied.

[6] The defendant next contends the trial court erred in failing to submit to the jury the lesser included offenses of the crimes charged. We disagree. A trial court must submit to the jury a lesser included offense when and only when there is evidence from which the jury could find that the defendant committed the lesser included offense. *State v. Hall*, 305 N.C. 77, 286 S.E. 2d 552 (1982). When the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, submission of a lesser included offense is not required. *Id.* Mere possibility of the jury's piecemeal acceptance of the State's evidence will not support the submission of a lesser included offense. *State v. Williams*, 315 N.C. 310, 338 S.E. 2d 75 (1986). Thus, mere denial of the charges by the defendant does not require submission of a lesser included offense. *State v. Horner*, 310 N.C. 274, 311 S.E. 2d 281 (1984).

In the present case, the defendant presented no evidence of any lesser included offense. The State's evidence was positive as to each element of the crimes charged. The defendant's defense was that he committed no crime at all. Therefore, the trial court

properly refused to submit to the jury any lesser included offenses.

[7] The defendant next contends the trial court erred in refusing to instruct the jury on the lack of evidence of prior criminal activity or convictions on the part of the defendant. We disagree. A trial judge is required to declare and explain the law arising on the evidence and to instruct according to the evidence. *State v. Strickland*, 307 N.C. 274, 298 S.E. 2d 645 (1983). He is not required to instruct on the nonexistence of evidence. The defendant's assignment of error is without merit.

[8] The defendant next assigns error to the trial court's denial of his motion to set aside the jury's verdict as not supported by the evidence. The decision whether to grant or deny a motion to set aside a verdict is within the sound discretion of the trial judge and is not reviewable absent a showing of abuse of discretion. *State v. Wilson*, 313 N.C. 516, 330 S.E. 2d 450 (1985). Since we have held that the evidence in the present case was sufficient to support the jury's verdict, we can find no abuse of discretion in the trial court's denial of the defendant's motion to set aside the verdict.

[9] The defendant next assigns error to the trial court's failure to find as a mitigating factor that the defendant had been a person of good character or had a good reputation in the community in which he lived. The defendant argues that such a finding was compelled by the testimony of the defendant's friend and neighbor Vivian Thomason. We disagree.

A trial judge's failure to find a statutory mitigating factor is error only where evidence supporting the factor is uncontradicted, substantial, and manifestly credible. *State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985). Ms. Thomason's testimony on this matter is as follows:

Q. Since you have known Mr. Maness for the time that you testified to, have you had occasion to hear others talk about him?

A. Yes, I have.

Q. Do you have an opinion satisfactory to yourself as to his character and reputation in the community?

A. Yes, I do.

Q. What is your opinion?

A. It's a good opinion.

THE COURT: Pardon me?

A. Good opinion.

Q. Why do you say it's a good opinion?

A. Because I never did see the man do nothing.

We cannot find that this is substantial evidence of defendant's good character or good reputation. Whether Ms. Thomason had ever seen him do anything is irrelevant to his reputation, and "[g]ood character, as the term is used in the Fair Sentencing Act, means something more than the mere absence of bad character." *State v. Freeman*, 313 N.C. 539, 551, 330 S.E. 2d 465, 475 (1985).

Furthermore, the trial judge specifically found that Ms. Thomason's testimony was "inherently incredible," citing her testimony on cross-examination that she knew nothing about his background, where he had lived, or where he worked. The trial judge stated that he had "seldom seen a witness that impressed [him] . . . more with their lack of veracity." It was the trial judge's duty to assess Ms. Thomason's testimony and it was his prerogative to believe or disbelieve it. *See State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983). The defendant's assignment of error has no merit.

[10] In his final assignment of error, the defendant contends the trial court erred in imposing consecutive sentences. Whether sentences for separate offenses are to run concurrently or consecutively is within the sound discretion of the trial judge. *State v. Tolley*, 290 N.C. 349, 226 S.E. 2d 353 (1976). The defendant has not shown, nor can we find, any abuse of discretion by the trial judge in imposing consecutive sentences in the present case.

No error.