IN THE MATTER OF NICKDON STOWE

No. COA94-773

(Filed 2 May 1995)

## 1. Infants or Minors § 117 (NCI4th)— armed robbery by juvenile—sufficiency of evidence

The State presented sufficient evidence of danger or threat to the life of the victim to support an adjudication of delinquency based on a juvenile's commission of armed robbery where the evidence tended to show that the juvenile had in his pocket a gun which had just been fired into the air by another person; the juvenile approached the prosecuting witness, gestured toward his pocket where he had the gun, and demanded that the witness give him candy; and the witness gave the juvenile candy because he was afraid that the juvenile might shoot him.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 54.**

## 2. Infants or Minors § 79 (NCI4th)— signing of juvenile petition by assistant district attorney—no error

There was no merit to the juvenile's contention that N.C.G.S. § 7A-561(a) does not permit an assistant district attorney to sign

**IN RE STOWE**

[118 N.C. App. 662 (1995)]

the juvenile petition as "complainant," since the term "complainant" is not defined in the Juvenile Code; there is no language in the Code which specifically excludes an assistant district attorney from signing a petition as complainant; the statute requires only that the person signing as complainant have knowledge of the matter alleged in the petition and that he or she be able to verify the information contained therein; and an assistant district attorney's signing of the petition does not contravene his or her role in the juvenile adjudication process.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 40-42.**

Appeal from final juvenile adjudication order entered 24 February 1994 by Judge William G. Jones in Mecklenburg County Juvenile Court. Heard in the Court of Appeals 6 April 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Carol K. Barnhill, for the State.*

*Marjory J. Timothy for juvenile-appellant.*

WALKER, Judge.

A juvenile petition was issued pursuant to N.C. Gen. Stat. § 7A-517(12) (1994) alleging that the juvenile Nickdon Antonio Stowe was delinquent in that "on or about the 27th day of October, 1993, the juvenile unlawfully, willfully, and feloniously did steal, take, and carry away another's personal property, candy of the value of [$0.45], from the person and presence of William Lamar Black" in violation of N.C. Gen. Stat. § 14-87 (1994).

On 29 November 1993, Assistant District Attorney Judith C. Emken signed the petition and verified the matters contained therein before Judy S. Price, Deputy Clerk of Superior Court, Mecklenburg County. On 30 November 1993, juvenile intake counselor C.H. Stewart approved the petition for filing.

During the adjudicatory hearing on 23 February 1994, the juvenile's motion to dismiss at the close of the State's evidence was denied. The juvenile presented no evidence and was adjudicated delinquent on the charge of armed robbery.

[1] The juvenile first contends that the trial court erred in denying his motion to dismiss and adjudicating him delinquent because the State

failed to prove all the elements of the offense of armed robbery. In ruling on a motion to dismiss, all evidence admitted must be considered in the light most favorable to the State, giving the State the benefit of all reasonable inferences to be drawn therefrom. *State v. Worsley*, 336 N.C. 268, 274, 443 S.E.2d 68, 70-71 (1994). A defendant's motion to dismiss should be denied " 'if the evidence, when viewed in the above light, is such that a rational trier of fact could find beyond a reasonable doubt the existence of each element of the crime charged.' " *Id.* at 68, 443 S.E.2d at 71 (citation omitted).

To obtain a conviction for the offense of armed robbery, the State must prove three elements: "(1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of 'firearms or other dangerous weapon, implement or means'; and (3) danger or threat to the life of the victim." *State v. Joyner*, 295 N.C. 55, 63, 243 S.E.2d 367, 373 (1978) (citation omitted). *See also* N.C. Gen. Stat. § 14-87(a) (1994).

The State's evidence tended to show the following: On 27 October 1993, the prosecuting witness William Black was at the bus stop with several individuals. While they waited for the school bus, Black walked over to the juvenile. Terry Johnson walked up and began talking to the juvenile about a gun. Terry then produced a gun and shot it into the air. Terry continued to hold the gun and pointed it at an approaching bus. At the juvenile's request, Terry handed him the gun, which the juvenile put in his pocket. A few minutes later, the juvenile approached Black, who was unwrapping a candy bar. The juvenile placed his hand "[i]n [the] vicinity of where the gun was" and held it there while demanding that Black give him some candy. Black complied with this demand; he testified that he gave the juvenile the candy because he was scared "[t]hat if [he] didn't, [the juvenile] might shoot [him]."

The juvenile challenges the sufficiency of the State's evidence as to the third element of armed robbery, danger or threat to the life of the victim. He relies on *State v. Gibbons*, 303 N.C. 484, 279 S.E.2d 574 (1981) for the proposition that mere possession of a weapon does not satisfy the element of threat or danger to the life of the victim. Here, the State's evidence showed more than "mere possession" of the weapon. The gun was fired into the air shortly before the juvenile demanded candy from Black. The juvenile deliberately gestured toward the gun in his pocket while demanding the candy, and Black was scared that if he did not comply, the juvenile might shoot him.

**IN RE STOWE**

[118 N.C. App. 662 (1995)]

Based on this evidence the trial court determined that the State had established the element of danger or threat to Black's life. We hold that the trial court did not err in denying the juvenile's motion to dismiss and adjudicating him delinquent on the armed robbery charge.

[2]  The juvenile next contends that the trial court lacked subject matter jurisdiction because "the complainant failed to sign and verify his signature on the juvenile petition." Specifically, the juvenile argues that N.C. Gen. Stat. § 7A-561(a) (1994) does not permit an assistant district attorney to sign the petition as "complainant." We disagree.

N.C. Gen. Stat. § 7A-561(a) (1994) sets forth the procedure for filing a juvenile petition:

All reports concerning a juvenile alleged to be delinquent or undisciplined shall be referred to the intake counselor for screening. Thereafter, if it is determined by the intake counselor that a petition should be drawn and filed, the petition shall be drawn by the intake counselor or the clerk, signed by the complainant and verified before an official authorized to administer oaths.

The term "complainant" is not defined in the Juvenile Code, and there is no language in the Code which specifically excludes an assistant district attorney from signing a petition as complainant. The statute requires only that the person signing as complainant have knowledge of the matter alleged in the petition and that he or she be able to verify the information contained therein.

The juvenile also argues that an assistant district attorney cannot sign the petition as complainant because to do so would contravene the assistant district attorney's role in the juvenile adjudication process. In support of this argument the juvenile cites numerous provisions in the Juvenile Code which address the assistant district attorney's role in this process. These provisions include N.C. Gen. Stat. §§ 7A-531, 7A-533, 7A-535, and 7A-536 (1994), which relate to the duties of the prosecutor to assist the intake counselor in evaluating the sufficiency of the evidence and to review the intake counselor's decision not to file a petition. The juvenile has not demonstrated how these duties are hindered by the fact that the assistant district attorney signs the petition as complainant. As long as the intake counselor follows the statutory procedures before the signing of the petition, and the assistant district attorney does not encroach upon the impor-

BLACKMON v. N.C. DEPT. OF CORRECTION

[118 N.C. App. 666 (1995)]

tant role of the intake counselor, the assistant district attorney may sign the petition as complainant.

Finally, the juvenile argues that the petition was not properly verified. However, the record fully supports a finding that the signature of the assistant district attorney was verified before the deputy clerk of court. The juvenile has not alleged that the verification was false or unsupported by sufficient knowledge of the facts. *In re Green*, 67 N.C. App. 501, 313 S.E.2d 193 (1984), on which the juvenile relies, involved a petition which was neither signed nor verified and is therefore inapposite to the present case, in which both requirements were met.

Affirmed.

Judges EAGLES and MARTIN, JOHN C. concur.