STATE OF NORTH CAROLINA v. MICHAEL DAVID SERZAN

No. COA94-1095

(Filed 18 July 1995)

**1. Evidence and Witnesses § 403 (NCI4th)— defendant's earlier presence at crime scene—evidence admissible to show identity**

In a prosecution of defendant for robbery with a dangerous weapon where the evidence tended to show that defendant robbed a motel clerk at gunpoint, the trial court did not err in admitting testimony by another motel employee that defendant was on the motel premises less than twenty-four hours before the robbery was committed, that he asked about room rates, asked to use the phone, asked for a cup of coffee, asked for a safety pin, and walked away when she denied all his requests.

**Am Jur 2d, Evidence § 404.**

**2. Robbery § 66 (NCI4th)— armed robbery of motel clerk— sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery, though the victim may have expressed uncertainty about identifying defendant in a photographic lineup, where she testified that she got a good look at defendant's face during the robbery; another motel employee testified that she got a good look at defendant on the night before the robbery; and both witnesses identified defendant from a lineup of five pictures presented to them by a police investigator.

**Am Jur 2d, Robbery § 64.**

**3. Criminal Law § 113 (NCI4th)— failure to provide tape prior to trial—defendant not entitled to relief**

Defendant in a prosecution for armed robbery of a motel clerk was not entitled to relief under N.C.G.S. § 15A-1411 because of the State's failure to provide him with a surveillance tape taken from the crime scene since the State was not aware of the existence of the tape until trial had already begun; the State notified defendant before the trial was over; the State never attempted to introduce the tape into evidence; and defendant was afforded an

**STATE v. SERZAN**

[119 N.C. App. 557 (1995)]

opportunity to view the tape before the trial was concluded and to determine whether it would assist in his case.

**Am Jur 2d, Depositions and Discovery §§ 426, 427.**

Appeal by defendant from judgment entered 25 April 1994 by Judge Marvin K. Gray in Mecklenburg County Criminal Superior Court. Heard in the Court of Appeals 6 June 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General L. Darlene Graham, for the State.*

*Office of the Public Defender, by Assistant Public Defender Maria G. B. Long, for defendant-appellant.*

WALKER, Judge.

Defendant Michael David Serzan was indicted for robbery with a dangerous weapon. The State's evidence tended to show that on the night of 12 November 1992 an individual later identified as defendant entered the La Quinta Motor Inn at I-85 and Woodlawn Road in Mecklenburg County and approached the check-in counter. The clerk, Carol Skinner, testified that defendant demanded she give him the money from the drawer. Defendant then repeated his demand for money, this time showing her a .25 caliber automatic weapon. Ms. Skinner handed the money drawer to defendant who took out fifty-four dollars. He then asked Ms. Skinner if she was able to open the money machine located at the counter, or if she had any additional money. When she told him that she could not open the money machine without a second key, and that she was not carrying any money on her person, he ordered her to lie on the floor and threatened to shoot her if she tried to look out the window. After defendant left the premises, Ms. Skinner notified the authorities. When the police arrived, Ms. Skinner gave them a description of the suspect as well as a surveillance tape on which the incident had been recorded. On 17 December 1992 Ms. Skinner met with an investigator from the Charlotte Police Department. Out of a group of five photographs of possible suspects, Ms. Skinner identified defendant as the person who robbed her, but stated that "with black and white pictures, I cannot be real sure." At trial she testified that she had gotten a very good look at defendant's face during the robbery, and she again identified defendant in open court.

Ms. Skinner's sister, Mary Smith, was working at the motel from 11:00 p.m. on 11 November 1992 until 7:00 a.m. the next morning.

Over defendant's objection, she testified that on the night before the robbery, a person she identified as defendant attempted to enter the motel sometime after 3:00 a.m. by inquiring about room rates, asking to use the phone, asking for a cup of coffee, and finally asking for a safety pin. When Ms. Smith refused all of his requests, defendant walked away. Ms. Smith testified that she looked very carefully at defendant because she thought he was an employee of the motel. Furthermore, she identified defendant in a photographic line-up, as well as in open court, as the person she observed at the motel on the night before the robbery.

Before the trial concluded, the State was made aware of the surveillance tape taken from the crime scene on the night of the robbery. The State informed defendant's counsel of the tape during the trial, but the State did not attempt to introduce the tape into evidence. At the close of the State's evidence defendant's motion to dismiss was denied. Defendant offered no evidence and renewed his motion to dismiss, which was again denied. Defendant was found guilty; however, before sentencing he made a motion for appropriate relief, specifically requesting that the verdict be set aside and a new trial be ordered. This motion was denied, and defendant was sentenced to fourteen years in prison.

[1] We first address defendant's contention that the trial court erred in overruling defendant's objection to testimony of Mary Smith on the grounds that such testimony was irrelevant and prejudicial and thus should have been excluded under N.C.R. Evid. 401 and 403. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. N.C. Gen. Stat. § 8C-1, Rule 401 (1992). Since defendant was on the premises of the motel less than twenty-four hours before the robbery was committed, the testimony of Ms. Smith was relevant in establishing the identity of defendant because it tended to corroborate the testimony of Ms. Skinner and made it more probable than not that defendant was the perpetrator of the crime. Therefore, such testimony was admissible under Rule 401.

Defendant further contends that the evidence is inadmissible under Rule 403, which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." N.C. Gen. Stat. § 8C-1, Rule 403 (1992). Generally, evidence which falls under this rule calls for balancing the

probative value of and need for the evidence against the harm likely to result from its admission. Evidence favorable to the State " 'will be, by definition, prejudicial to defendants. The test under Rule 403 is whether that prejudice to defendants is unfair.' " *Screaming Eagle Air, Ltd. v. Airport Comm. of Forsyth Co.*, 97 N.C. App. 30, 39, 387 S.E.2d 197, 203 (1990) (citation omitted). The exclusion of evidence under this balancing test is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Robinson*, 327 N.C. 346, 357, 395 S.E.2d 402, 408 (1990). We find that the probative value of the evidence substantially outweighs the danger of unfair prejudice to defendant's case and thus overrule defendant's assignment of error.

[2] We next address defendant's contention that the trial court erred in denying defendant's motion to dismiss the charge at the close of all the evidence. In considering such a motion, the trial court must determine whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of such offense. *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The trial court's function is to decide whether the evidence will permit a *reasonable inference* that the defendant is guilty of the crime charged. *Earnhardt*, 307 N.C. at 67, 296 S.E.2d at 652. The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence before denying defendant's motion to dismiss. *State v. Powell*, 299 N.C. 95, 101, 261 S.E.2d 114, 118 (1980).

Defendant does not dispute the fact that a robbery with a dangerous weapon occurred on 12 November 1992. He only contends that there was insufficient evidence to prove that he was the perpetrator of that crime. Defendant contends that Ms. Skinner's testimony that defendant is the perpetrator of the crime is insufficient to establish that defendant committed this crime. In support of this argument, defendant notes Ms. Skinner's uncertainty in identifying defendant in the photographic line-up. Ms. Skinner testified that during the robbery she got a good look at defendant's face. Moreover, Ms. Smith testified that she got a good look at defendant on the night before the robbery. Further, both witnesses identified defendant from a line-up of five pictures presented to them by a police investigator. This was substantial evidence which was sufficient to carry the case to the

jury. Therefore, we find no error in the trial court's denial of defendant's motion to dismiss.

Defendant's final two assignments of error challenge the trial court's denial of defendant's motion for appropriate relief under N.C. Gen. Stat. § 15A-1411 (1988).

**[3]** Defendant's first ground in support of his motion for appropriate relief is that the State violated established discovery procedures by failing to provide defendant with the surveillance tape taken from the crime scene. The District Attorney's Office had established a voluntary discovery procedure of providing discovery without a request and agrees that had it known of the tape before trial, it would have been made available to defendant. However, the State submits that it did not become aware of the existence of the surveillance tape until the trial was in progress. Once the State became aware of the surveillance tape, it notified defendant of such before the trial was concluded, and it never attempted to introduce the tape into evidence.

A defendant moving for appropriate relief must show the existence of the asserted grounds for relief, and relief must be denied unless prejudice appears. N.C. Gen. Stat. § 15A-1420(c)(6) (1988). Such prejudice exists where there is a reasonable possibility that a different result would have been reached at trial had the error not occurred. N.C. Gen. Stat. § 15A-1443(a) (1988). Defendant contends that the tape was exculpatory in that it would have contradicted Ms. Skinner's testimony that she had observed defendant's face the entire time of the robbery because the tape shows that she was looking away for much of the time to retrieve the money drawer. However, given the fact that both Ms. Skinner and Ms. Smith identified defendant from a photographic line-up as well as in open court, we find that there is no reasonable possibility that a different result would have occurred had the tape been presented to defendant at an earlier time, and therefore there is no prejudice. Furthermore, defendant was afforded an opportunity to view the tape before the trial was concluded and to determine whether it would assist in his case. Defendant's assignment of error is overruled.

Defendant's second ground in support of his motion for appropriate relief is that the verdict was against the greater weight of the evidence. Defendant argues that the evidence at trial did not warrant the jury's verdict because it was insufficient to establish that he was the perpetrator. The decision to grant or deny a motion to set aside the

verdict is within the sound discretion of the trial court and is not reviewable absent a showing of an abuse of that discretion. *State v. Wilson,* 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985). When the evidence at trial is sufficient to support the jury's verdict, there is no abuse of discretion in the trial court's denial of defendant's motion to set aside the verdict. *State v. Maness,* 321 N.C. 454, 462, 364 S.E.2d 349, 353 (1988). Since we have held that the evidence was sufficient to support the jury's verdict, there is no abuse of discretion and defendant's assignment of error is overruled.

No error.

Judges COZORT and JOHN concur.