STATE OF NORTH CAROLINA v. DENNIS JOE CONNELL

No. COA96-1491

(Filed 18 November 1997)

**1. Crime Against Nature § 4 (NCI4th)— indecent liberties— defendant allegedly asleep—intent inferred from act**

The trial court did not err by denying defendant's motions to dismiss a charge of taking indecent liberties with a child and defendant's motion to set aside the guilty verdict where the evidence, in the light most favorable to the State, was that defendant got into a bed which he shared with the victim's mother and went to sleep; he was later joined by the mother, who also went to sleep; the eight-year-old victim came to their bed at about midnight; defendant touched her inside her panties, "rubbed on her," and put his finger in her vagina; there was no testimony that defendant gave any indication other than the touching that he was awake; the victim admitted that she did not know whether he was awake; and the only testimony regarding intent was a social worker's testimony that the victim had told her that, when confronted by the victim's mother, defendant had said that he thought he was touching the mother. The State can infer from the touching and defendant's comment to the mother that he was awake and that his purpose was to gratify his sexual desires.

**2. Criminal Law § 798 (NCI4th Rev.)— indecent liberties— defense of mistake—inference that instruction requested**

It can be inferred that a defendant charged with indecent liberties was requesting the mistake of fact instruction where the eight-year-old victim entered the bed where defendant and the

child's mother were sleeping, told her mother the next day that defendant had touched her, a social worker testified that defendant later told the mother that he thought he was touching the mother, there was no evidence that defendant was awake, and the defendant at trial asked the judge to instruct the jury that if defendant "didn't mean to touch the child, he's not guilty."

**3. Crime Against Nature § 13 (NCI4th)— indecent liberties— sleeping defendant—instruction on mistake—improperly denied**

The trial court erred in an indecent liberties prosecution by not giving the requested mistake of fact instruction where the eight-year-old victim was touched by defendant after she joined defendant and her mother in her mother's bed after defendant and her mother were asleep. The only evidence is that defendant went to bed and went to sleep before the victim entered his room, and the only testimony regarding intent is the victim's statement to a social worker that, when confronted by the mother, defendant said that he thought he was touching the mother. Because the State presented only circumstantial evidence that defendant was awake and intended to touch the child instead of the mother, the court should have given the instruction.

**4. Criminal Law § 785 (NCI4th Rev.)— indecent liberties— defendant allegedly asleep—instructions on diminished capacity and unconsciousness—not given—plain error**

There was plain error in a prosecution for indecent liberties in the trial court's failure to instruct the jury on the defense of diminished capacity and unconsciousness where the eight-year-old victim got into bed with her mother and defendant after both were asleep and later stated that defendant had touched her improperly. There was no direct evidence that defendant was awake at the time of the alleged touching and the victim admitted that she did not know whether defendant was asleep or awake.

**5. Evidence and Witnesses § 3170 (NCI4th)— indecent liberties—testimony of social worker—statement of child— child's testimony at trial—slight variances**

The trial court did not err in a prosecution for indecent liberties by admitting the testimony of a social worker who was called to corroborate the victim's testimony. Although defendant contends that some of the testimony was not corroborative, the inconsistencies between the victim's testimony at trial and her

STATE v. CONNELL

[127 N.C. App. 685 (1997)]

statements to the social worker were only slight variations. The social worker's testimony strengthens and adds credibility to the victim's testimony.

Appeal by defendant from judgment entered 3 October 1996 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 9 September 1997.

This is a criminal case in which defendant was charged and convicted of taking indecent liberties with a child. He was sentenced to prison for a minimum term of 21 months and a maximum term of 26 months.

Evidence at trial showed that defendant was involved in a sexual relationship with the victim's mother. On the evening of 23 April 1995, the defendant and the victim's mother were spending the night at the mother's house. That night defendant went to bed alone, and the victim's mother later joined him in bed. The mother testified that as "far as she knew" the defendant had gone to sleep. Sometime around 12:00 a.m., the victim, an eight year old girl, had a bad dream and went to her mother's room and asked her mother's permission to get in bed with her and the defendant. She got in bed between defendant and her mother. The victim was wearing a nightgown and panties. The victim testified that when she got into bed she lay on her side facing the defendant. She testified that before she fell asleep, she felt the defendant's hand on her leg and pushed it away. Then, as she was falling asleep, she felt the defendant place his hand in her underwear and testified that he was "rubbing on me and stuff." The victim testified that she pushed the defendant's hand away again and switched places in bed with her mother. There was no testimony that the defendant awoke when the victim entered the room or that defendant was awake at anytime. In fact, the victim testified that she did not know whether the defendant was awake or asleep at the time of the incident.

The victim did not mention anything about the alleged incident to her mother the next morning but did tell her mother after school that day. The victim's mother immediately called Social Services. Social worker Dottie Scher interviewed the victim. Over the defendant's objection, Ms. Scher testified that the victim told her that at night on 23 April she got into bed with her mother and the defendant. She slept for about an hour when she woke up facing her mother's back. Ms. Scher testified over objection that the victim then told her that the

defendant touched her "on the wrong spot" and went on to say the defendant put his finger in her vagina. Ms. Scher testified that the victim made no mention to her of switching places in bed with her mother. Ms. Scher testified that during the victim's interview, the victim also told her that defendant, when confronted by her mother, told her mother that he thought he was touching the mother rather than the victim. Defendant moved to strike Ms. Scher's "entire testimony" as not corroborative. The objection and motion to strike were denied. The defendant offered no evidence.

The jury convicted the defendant of taking indecent liberties with a minor, a violation of N.C.G.S. § 14-202.1.

Defendant appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Sondra C. Panico, for the State.*

*Marjorie S. Canaday and C. Frank Goldsmith, Jr., for defendant-appellant.*

EAGLES, Judge.

[1] We first consider whether the trial judge erred in denying the defendant's motion to dismiss and his motion to set aside the verdict. "Upon a motion to dismiss, 'all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom.' " *State v. Jones*, 89 N.C. App. 584, 597, 367 S.E.2d 139, 147 (1988) (quoting *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E.2d 822, 826 (1977)). The decision to grant or deny a motion to set aside a verdict and for a new trial is within the sound discretion of the trial judge and will be reversed only upon an abuse of discretion. *State v. Serzan*, 119 N.C. App. 557, 561-62, 459. S.E.2d 297, 301 (1995), *cert. denied*, 343 N.C. 127, 468 S.E.2d 793 (1996).

A person is guilty of taking indecent liberties with a child under the age of sixteen if he either "willfully takes or attempts to take any immoral, improper, or indecent liberties . . . for the purpose of arousing or gratifying sexual desire," or "willfully commits or attempts to commit any lewd or lascivious act upon or with the body part or any part or member of the body" of the child. N.C.G.S. § 14-202.1. Taking

STATE v. CONNELL

[127 N.C. App. 685 (1997)]

indecent liberties is a specific intent crime. *State v. Craven*, 312 N.C. 580, 584, 324 S.E.2d 599, 602 (1985). To prove a specific intent crime requires that the State establish that the defendant "acted willfully or with purpose in committing the offense." *State v. Eastman*, 113 N.C. App. 347, 353, 438 S.E.2d 460, 463 (1994). The term "willfully" has been defined as an act being done "purposely and designedly in violation of the law." *State v. Whittle*, 118 N.C. App. 130, 135, 454 S.E.2d 688, 691 (1995) (quoting *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940)). However, in indecent liberties cases, a defendant's purpose in committing the act is "seldom provable by direct evidence and must ordinarily be proven by inference." *State v. Jones*, 89 N.C. App. 584, 598, 367 S.E.2d 139, 147 (1988) (quoting *State v. Campbell*, 51 N.C. App. 418, 421, 276 S.E.2d 726, 729 (1981)).

The State argues that from circumstantial proof that because the defendant committed the touching act against the victim, the jury can infer that the defendant had the requisite intent necessary to commit the crime. In other words, the State argues that from the evidence that defendant touched the victim, a jury could rationally conclude that the defendant woke up, realized the victim was in bed, and formed the intent to touch her "for the purpose of arousing or gratifying [his] sexual desire." Based on *State v. Childress*, 321 N.C. 266, 232, 362 S.E.2d 263, 267 (1987), we agree.

The evidence, in the light most favorable to the State, shows that on the night in question, the defendant got into a bed that he and the victim's mother shared and went to sleep. He was later joined by the victim's mother who also went to sleep. The victim came to their bed at 12:00 a.m. Defendant touched the victim inside her panties, "rubbed on her," and put his finger in her vagina. There was no testimony that during the alleged incident, the defendant ever said anything or gave any indication other than the touching that he was awake. Moreover, the victim admitted on cross-examination that she did not know whether the defendant was asleep or awake during the incident. The only testimony regarding the defendant's intent was Ms. Scher's testimony that victim told Ms. Scher that, when defendant was confronted by the victim's mother, he stated that he thought he was touching the mother.

In response to questions at oral argument, the State conceded that the evidence of criminal intent was limited to the evidence that defendant had touched the victim in bed. The State argued vigorously that proof of the improper touching was sufficient to give rise to the inference that defendant was awake and did the touching with the

intent to gratify his sexual desires. Our Supreme Court has disapproved the notion that in proof of criminal cases, an inference can not be based on an inference. Quoting from Wigmore, Evidence, the Court in *Childress* noted:

> It was once suggested that an inference upon an inference will not be permitted, i.e., that a fact desired to be used circumstantially must itself be established by testimonial evidence, . . . . There is no such orthodox rule; nor can there be. If there were, hardly a single trial could be adequately prosecuted. (Citation omitted).

There is no logical reason why an inference which naturally arises from a fact proven by circumstantial evidence may not be made. This is the way people often reason in everyday life. In this case the inferences on inferences dealt with proving the facts constituting the elements of the crime. We hold that the jury could properly do this. Insofar as *Holland, Byrd, LeDuc* and other cases hold that in considering circumstantial evidence an inference may not be made from an inference, they are overruled.

*State v. Childress*, 321 N.C. 226, 232, 362 S.E.2d 263, 267 (1987) (quoting 1A Wigmore, *Evidence* § 41 (Tillers rev. 1983)). From the defendant's touching of the victim and his exculpatory comment to victim's mother, the State can infer that he was both awake and his purpose was to satisfy his sexual desires. Accordingly, the trial court did not err in denying the defendant's motion to dismiss.

**[2]** We next consider whether the trial court erred in failing to instruct on the mistake of fact defense. Defendant argues that defense counsel requested the mistake of fact instruction be given to the jury and that the trial court's denial of such an instruction violated the defendant's right to a fair trial. The defendant in fact asked the judge to instruct the jury that if defendant "didn't mean to touch the child, he's not guilty." In support of this instruction, Ms. Scher testified that the victim stated that when the defendant was confronted by the victim's mother, defendant stated he thought he was touching the mother. From this request and the evidence at trial, we can infer that the defendant was requesting the mistake of fact instruction. "[A] crime is not committed if the mind of the person doing the act is innocent." *State v. Welch*, 232 N.C. 77, 80, 59 S.E.2d 199, 202 (1950). If there is evidence from which an inference can be drawn that the defendant committed the act without the criminal intent necessary, then the law with respect to that intent should be explained and

applied to the evidence by the court. *State v. Walker*, 35 N.C. App. 182, 186, 241 S.E.2d 89, 92 (1978).

**[3]** Here there was no evidence presented to suggest that the defendant was awake at the time of the alleged incident. In fact, the only evidence we have is that the defendant went to bed and went to sleep before the victim entered his room. Moreover, the only testimony regarding defendant's intent was victim's statement to Dottie Scher that when confronted by her mother, defendant stated that he thought he was touching the mother. Because the State presented only circumstantial evidence that defendant was awake and intended to touch the child instead of the mother, the trial court should have instructed the jury as to the mistake of fact defense. Accordingly, the trial court erred in failing to instruct the jury on the mistake of fact defense.

**[4]** We next consider whether the trial court committed plain error in failing to instruct the jury on the defense of diminished capacity and unconsciousness. Defendant did not request these instructions but argues that the judge's failure to instruct constitutes plain error. The defendant said there was evidence that supports the finding that the defendant was asleep and thus these instructions should have been given. Generally, the defendant must object to preserve errors relating to the instructions. However, in exceptional cases, where the claimed instructional error is fundamental, "or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), absence of the required instruction, even when there is no objection, will justify reversal under the plain error rule. In order to show the existence of plain error in the trial court's charge, the defendant must establish that but for the erroneous charge the jury probably would have reached a different verdict. *Id.* at 661, 300 S.E.2d at 379.

> [U]nder the law of this State, unconsciousness, or automatism, is a complete defense to a criminal charge, separate and apart from the defense of insanity; that it is an affirmative defense; and that the burden rests with the defendant to establish this defense, unless it arises out of the State's own evidence, to the satisfaction of the jury.

*State v. Caddell*, 287 N.C. 266, 290, 215 S.E.2d 348, 363 (1975). Unconsciousness would be a complete defense because " '[t]he

absence of consciousness not only precludes the existence of any specific mental state, but also excludes the possibility of a voluntary act without which there can be no criminal liability.' " *State v. Jerret*, 309 N.C. 239, 264-65, 307 S.E.2d 339, 353 (1983) (quoting *State v. Mercer*, 275 N.C. 108, 116, 165 S.E.2d 328, 334 (1969)). The earlier cases in which the defendant's request for an unconsciousness instruction should have been granted have involved defendants who acted as though they were conscious, but for various reasons contend they were in fact unconscious. The test for whether an instruction on diminished capacity is warranted is whether the evidence of defendant's mental condition is sufficient to cause a reasonable doubt in the mind of a rational trier of fact as to whether the defendant has the ability to form the necessary specific intent. *State v. Clark*, 324 N.C. 146, 163, 377 S.E.2d 54, 64 (1989).

Here, there is no direct evidence that the defendant was awake at the time of the alleged touching. Even the victim admitted she did not know whether the defendant was asleep or awake. Although our research discloses no case law as to whether being asleep is an appropriate circumstance that requires an unconsciousness or diminished capacity instruction, we conclude that on this record both instructions would be proper. Moreover, had the jury here been instructed that if they found that defendant was unconscious or, more specifically, asleep, they must find defendant not guilty, the outcome of the trial likely would have been different. Accordingly, the trial court erred in failing to instruct the jury on unconsciousness and diminished mental capacity.

[5] The last issue is whether the trial court erred in admitting the testimony of State's witness, Dottie Scher. Ms. Scher was called by the prosecution to corroborate the victim's testimony. "Corroborative testimony is testimony which tends to strengthen, confirm, or make more certain the testimony of another witness." *State v. Rogers*, 299 N.C. 597, 601, 264 S.E.2d 89, 92 (1980); see *State v. Case*, 253 N.C. 130, 116 S.E.2d 429 (1960), *cert. denied*, 365 U.S. 830, 5 L.Ed.2d 707 (1961). Where testimony which is offered to corroborate the testimony of another witness does so substantially, it is not rendered incompetent by the fact that there is a slight variation. *State v. Lester*, 294 N.C. 220, 230, 240 S.E.2d 391, 399 (1978). "It is not necessary in every case that evidence tend to prove the precise facts brought out in a witness's testimony before that evidence may be deemed corroborative of such testimony and properly admissible." *State v. Burns*, 307 N.C. 224, 231, 297 S.E.2d 384, 388 (1982).

Defendant contends that some of Ms. Scher's testimony was not corroborative; yet the inconsistencies between the victim's testimony at trial and the statements made to Ms. Scher were only slight variations. For example, how the victim was lying in bed, when did the incident occur after the victim crawled into bed, and whether the victim switched places with her mother after the incident. These differences fall under the "slight variation" exception to the corroboration rule. The defendant's main concern, however, is with Ms. Scher's testimony that the victim told her that the defendant put his finger inside her vagina. The victim's testimony at trial was that defendant put his hands inside her panties and "rubbed her." Even though Ms. Scher's testimony is not specifically what the victim testified to, Ms. Scher's testimony does strengthen and add credibility to the victim's testimony. Accordingly, this assignment of error is overruled.

New trial.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.