515 S.E.2d 230 (1999)
In the Matter of T.S., Juvenile.
No. COA98-928.
Court of Appeals of North Carolina.
May 18, 1999.
*231 Attorney General Michael F. Easley, by Assistant Attorney General Sarah Y. Meacham, for the State.
James R. Ansley, Raleigh, for Respondent-appellant.
LEWIS, Judge.
Respondent was charged on 31 December 1997 in a juvenile petition with violation of N.C. Gen.Stat. § 14-202.2 (Cum.Supp.1998). The petition alleged that "on or about the 17th day of August 1997, the child unlawfully and willfully did commit a lewd and lascivious act upon the body of [the victim] ... for the purpose of arousing and gratifying sexual desire." At the time of the offense, respondent was nine years of age and the victim was three. The petition alleged that by virtue of this crime, respondent was a delinquent child as defined by N.C. Gen.Stat. § 7A-517(12) (Cum.Supp.1998).
The matter was heard on 12 March 1998, and respondent pled "not responsible." No record was made of the proceedings, but the summary of evidence as provided in the record indicates that the victim's mother, a neighbor, and a Cary police officer testified for the State. Quotes are from the evidence as summarized and agreed to by the parties. The State's evidence indicated that on 17 August 1997, the victim's family watched a NASCAR race on television at the home of respondent's neighbors. The victim's mother testified that the children played outside for several hours, and after returning home the victim told her "something funny happened today." The mother further testified that her son told her that respondent told him to pull his pants down and sucked his "pee-pee." The victim's mother testified she called a friend, B., to discuss what her son had told her. B. was a neighbor of respondent who had ongoing problems with respondent's family. B. told the victim's mother to ask the child specifically "if (respondent) touched his pee-pee." B. then confronted respondent and respondent's father. B. testified that respondent denied and then admitted the act, saying he had seen other boys in the neighborhood "do this type of thing." Respondent's father contacted the Cary Police Department.
Officer Guthrie of the Cary Police Department testified that respondent was quiet and shy, and that respondent stated that he "sucked" the younger boy's penis. He further testified that respondent said he had seen other children "doing it" in the woods. Officer Guthrie asked respondent how many times "this" had happened before, and respondent answered "two times," including the alleged incident. When Officer Guthrie asked the victim if respondent sucked his "pee pee," the victim pointed to his pants. The victim told Officer Guthrie that "this" had never happened before.
Respondent presented evidence. Respondent's father testified that respondent never said he "sucked the boy's penis." Another neighbor testified that respondent had not previously behaved in a manner to indicate "this type of action." Detective Tingen of the Cary Police Department investigated the incident. He testified that respondent made no admissions to him during the course of interviews conducted both with and without respondent's father present.
At the close of the State's evidence and again at the close of all evidence, respondent moved to dismiss for the State's failure to prove all elements of the charge in the petition. Specifically, respondent asserted that the State had produced no evidence that the act was "for the purpose of arousing or gratifying sexual desire." Both motions were denied. The trial court found the following facts, in their entirety:
Respondent contested the allegation. From evidence presented, the Court found beyond a reasonable doubt that respondent committed the act alleged.
*232 Based on these findings of fact, the trial court concluded as a matter of law, "said juvenile [was] within [the court's] juvenile jurisdiction as Delinqnent [sic]."
Respondent argues three assignments of error. He alleges that the trial court erred in denying his motion to dismiss, first at the close of the State's evidence and second at the close of all evidence. Finally, he alleges that the trial court erred in its conclusion of law that the juvenile was responsible, because each element was not proved beyond a reasonable doubt. The assignments of error have a common basis, that the State has failed to show the act was committed for the purpose of arousing or gratifying respondent's sexual desire.
This is the first time the "Indecent liberties between children" statute (hereinafter "Children's statute") has reached our Court. The statute provides:
(a) A person who is under the age of 16 years is guilty of taking indecent liberties with children if the person either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire.
(b) A violation of this section is punishable as a Class 1 misdemeanor.
N.C. Gen.Stat. § 14-202.2 (Cum.Supp.1998). The adult version of this crime, N.C. Gen. Stat. § 14-202.1 (1993) (hereinafter "Adult statute"), applies to individuals over age 16 and at least five years older than the child victim. The Children's statute act requirements in sections (1) and (2) are identical to provisions of the Adult statute, except the Children's statute denotes an additional requirement that a lewd or lascivious act under (a)(2), like an immoral, improper, or indecent liberty under (a)(1), also be for the purpose of sexual arousal or gratification. Language requiring such purpose is present in the Adult statute under only (a)(1). Therefore, the essential elements of indecent liberties between children under G.S. 14-202.2(a)(2) are: (1) a perpetrator under age 16; (2) who willfully commits or attempts a lewd or lascivious act upon the body of a child; (3) where the child is at least three years younger than the perpetrator; (4) for the purpose of arousing or gratifying sexual desire. Cf. State v. Rhodes, 321 N.C. 102, 104, 361 S.E.2d 578, 580 (1987) (listing essential elements for adult indecent liberties conviction).
In a juvenile hearing, the evidence presented is evaluated using the same standards as in an adult criminal proceeding. See In re Cousin, 93 N.C.App. 224, 225, 377 S.E.2d 275, 276 (1989). In reviewing a motion to dismiss, the evidence is viewed in the light most favorable to the State. See In re Stowe, 118 N.C.App. 662, 664, 456 S.E.2d 336, 337 (1995). If a rational trier of fact could find every element of the crime beyond a reasonable doubt from the evidence presented, a motion to dismiss is properly denied in juvenile court just as in adult criminal proceedings. See id. at 664, 456 S.E.2d at 337-38. However, as in adult proceedings, if the evidence does not support each element of the crime, the charge must be dismissed. See In re Alexander, 8 N.C.App. 517, 520, 174 S.E.2d 664, 666 (1970) (holding nonsuit "no less required in a case in which a juvenile is involved" than it would be in a case against an adult when evidence is insufficient).
Although not present in the summary, both parties agree that respondent was nine years old and the victim was three years old at the time of the incident. While there is sufficient, though hearsay, evidence to support that the act in fact occurred, there is no evidence indicating that respondent acted for the purpose of arousing or gratifying his sexual desires. The State asserts that although no direct evidence of respondent's purpose of arousal or sexual gratification was presented, such intent should be inferred from the very act itself, as has been done in certain of our cases interpreting the Adult statute. See e.g., Rhodes, 321 N.C. at 105, 361 S.E.2d at 580 (allowing defendant's act of *233 intercourse to support inference of purpose to arouse or gratify); State v. Connell, 127 N.C.App. 685, 690, 493 S.E.2d 292, 295 (1997) (allowing evidence of defendant touching victim's genitals and defendant's later exculpatory statements to support inference that he intended to satisfy his sexual desires), disc. review denied, 347 N.C. 579, 502 S.E.2d 602 (1998); State v. Jones, 89 N.C.App. 584, 598, 367 S.E.2d 139, 147 (1988) (holding that evidence that defendant took victim to an isolated room and touched her genitals was sufficient to infer he acted for the purpose of arousing or gratifying his sexual desires). We agree that intent is seldom provable through direct evidence. See State v. Creech, 128 N.C.App. 592, 598, 495 S.E.2d 752, 756, disc. review denied, 348 N.C. 285, 501 S.E.2d 921 (1998). However, we do not believe that intent to arouse or gratify sexual desires may be inferred in children under the same standard used to infer sexual purpose to adults.
The trial summary provided in the record includes scant evidence of respondent's purpose in performing fellatio. There was testimony that respondent was mimicking behavior he had seen by others in the woods. The State urges that Officer Guthrie's testimony that respondent told him this act had occurred twice indicates the nine year old had a purpose to arouse or gratify his sexual desires. We do not know whether, when, or with whom the first act took place. The State's conclusory argument ignores that both alleged incidents may have been without the purpose to arouse or gratify. If such were the case, there is no evidence of an essential element of the crime.
Furthermore, we are persuaded by the plain language of the statute that the purpose to arouse or gratify sexual desires should not be inferred from the act alone between children. The legislature could have merely lowered the age requirements in the Adult statute if it intended the two classes of indecent liberties perpetrators, children and adults, to receive equal consideration. Instead, an entirely new statute was enacted, and the clause "for the purpose of arousing or gratifying sexual desire" was added in (a)(2) in the Children's statute where it does not appear in the Adult statute. We believe that this addition indicates a legislative recognition that a lewd act by adult standards may be innocent between children, and unless there is a showing of the child's sexual intent in committing such an act, it is not a crime under G.S. 14-202.2.
We note that civil courts also treat adults and children differently when applying presumptions. Our courts presume that a child of respondent's age is incapable of negligence. Bell v. Page, 271 N.C. 396, 400, 156 S.E.2d 711, 715 (1967) (holding that there is a rebuttable presumption that a person between ages seven and fourteen is incapable of contributory negligence). The child's discretion, maturity, knowledge, and experience interact in rebutting the presumption. See Hoots v. Beeson, 272 N.C. 644, 649, 159 S.E.2d 16, 20 (1968). It would be incongruous to presume that because of his age respondent is incapable of negligence in his actions, and yet presume that in spite of his age respondent had or sought to arouse sexual desires by his actions. We will not put words in the Legislative mouth by saying a presumption exists here. That branch can speak for itself.
Accordingly, we hold that without some evidence of the child's maturity, intent, experience, or other factor indicating his purpose in acting, sexual ambitions must not be assigned to a child's actions. Adults can and should be presumed to know the nature and consequences of their acts; this is not always the case with children. The common law recognizes this in its age distinctions for negligence liability, and the General Assembly recognized this when it insisted that sexual purpose be shown under both sections of the Children's statute.
We are not asked to and do not hold that a nine year old is incapable of acting for the purpose of arousing or gratifying his sexual desires. We have no evidence on this question. We do not believe, however, that the State may rest on an allegation of the act alone between, for example, a four year old and a one year old, to infer sexual purpose. We hold that the element "for the purpose of arousing or gratifying sexual desire" may not be inferred solely from the act itself under G.S. 14-202.2. The evidence presented by *234 the State in respondent's case was insufficient to support a finding of the element of purpose. The motions to dismiss should have been granted at the conclusion of the State's case or after all the evidence. We need not reach respondent's third assignment of error.
Reversed and remanded for entry of order of dismissal.
Judges TIMMONS-GOODSON and HORTON concur.