STATE *v.* JESSE EASON, and others.

An indictment to be good, must set forth with plainness and certainty, all the essential facts constituting the offence; the charge must be explicit enough to support itself, for if all the facts alleged in the indictment may be true and yet constitute no offence, the indictment is insufficient.

INDICTMENT, for Forcible Entry and Detainer, tried at the Fall Term, 1873, of GATES Superior Court, before his Honor, *Judge Albertson.*

The defendant, with five others, at Fall Term, 1871, were indicted for forcibly entering into a certain messuage and tract of land, containing two hundred and seventy-five acres, " and being then and there in the peaceable possession of Elvy Russell," &c., and " then and there, with force and arms and with a strong hand, unlawfully, violently, forcibly and injuriously did expel, remove and put out the said Elvy Russell from the possession of the said messuage and tract of land, and the said Elvy Russell, so as aforesaid, removed, expelled and put out from the possession of the same, then and there with force and arms and with a strong hand, unlawfully, forcibly and injuriously have kept out from the day," &c.

Another count charges that one Simeon Swain was in the peaceable possession of the said messuage and land, and was forcibly expelled as above set forth. Another count varies the statement, only by charging that Elvy Russell was seized in fee of said land, and was forcibly expelled, &c.; and the last that Simeon Swain was seized, &c.

On the trial, at Fall Term, 1873, the defendants pleaded not guilty, and a jury was empanelled, when his Honor permitted a juror to be withdrawn, and the counsel for the defendants to move that the indictment be quashed, for the reason, that it is not therein alleged, the forcible entry was made in the presence of the owner or occupant of the premises. His Honor allowed

the motion, and ordered the indictment to be quashed. Solicitor Bagley appealed.

*Bagley,* with whom was the *Attorney General,* for the State, sudmitted that

The motion to quash the bill should not have been allowed, because :

1. The bill is according to the precedents. Wharton's Precs., Archb. Crim. Pl. *Tit. Forc. Entry.*

2. An entry may be forcible by violence in the manner of entry, as by breaking the doors, though no person be therein, or perhaps, by any act of outrage after entry as by carrying off the party's goods. 1 Russ. marg. p. 287. Therefore, personal presence of the prosecntor or occupant is not necessary to constitute the offence and need not be alleged.

3. The allegation that the prosecutor was then and there in the peaceable possession and was forcibly and violently expelled, is a sufficient allegation of presence.

4. The law distinguishes between forcible entry and detainer and forcible trespass on this point. 2 Bishop Crim. Law, title, Forc. Tresp., sec. 491 ; same, Forc. Entry, sec. 484.

5. The bill is good for forcible detainer. Wharton's Precedents.

*Smith & Strong,* for defendants, argued :

The indictment charges a violent entry upon a tract of land in possession of the prosecutor and his dispossession thereof. It does not charge that he or any one was present at the time of the entry.

The taking must be charged to be from the actual possession, or it must be alleged the prosecutor was present. *State* v. *McDonell,* 1 Hawks, 449 ; *State* v. *Mills,* 2 Dev. 420 ; *State* v. *Simpson,* 1 Dev. 504.

It is sufficient at common law to charge a forcible entry into a dwelling house, but any violence inflicted on it short of an entry and detainer is not indictable unless the prosecutor or

some of his family were present, and it be so charged. *State* v. *Fort*, 4 D. & B., 792; *State* v. *Whitfield*, 8 Ire., 315; *State* v. *Pollok*, 4 Ire., 305; *State* v. *Tolever*, 5 Ire.. 452.

The gist of the offence of forcible trespass is a high-handed invasion of the actual possession of another—*he being present*—title is not drawn in question. *State* v. *McCanless*, 9 Ire, 376; to same effect, *State* v. *Walker*, 10 Ire., 234; *State* v. *Ross*, 4 Jo., 315.

BYNUM, J. This case is here on an appeal by the State, from the order of the Court below, quashing the indictment. The record shows that the case stood upon issues joined between the State and the defendants, when the motion to quash was made and allowed.

The books do not agree that this motion can be entertained, after plea pleaded, but the better opinion seems to be that it may be allowed, at the discretion of the Court, at any time before the verdict, but not after conviction, for then the proper motion is in arrest of judgment. Foster Cr. L., 261; 1 Bish. Crim. Prac., sec. 447.

The single question, then, before the Court is, as to the sufficiency of the indictment, and as that contains four counts, and a general verdict of guilty would authorize the Court to pronounce judgment, if any *one* of the counts is good, it follows that his Honor erred, unless all the counts are bad, for if some are good and some bad, the motion and order should have been to quash the bad counts, and it was error to quash any one that is good. 1 Bishop Crim. Prac. sec. 449.

An indictment, to be good, must set forth with plainness and certainty all the essential facts constituting the offence; the charge must be explicit enough to support itself, for if all the facts alleged in the indictment may be true, and yet constitute no offence, the indictment is insufficient. 1 Chit. Pl. 233 and 235; 1 Bish., sec. 48.

Apply these principles to this case.

The indictment is for forcible entry and detainer. The first count charges that the defendants, together with other persons

to the number of six or more, with force and arms, and with pistols, staves and other offensive weapons, into a certain messuage and tract of land (describing it) then and there being in the peaceable possession of Elvy Russell, unlawfully, violently and with a strong hand, did enter, and then and there, with force and arms and with a strong hand, unlawfully, violently and forcibly did expel, amove and put out the said Elvy Russell from the possession of the said messuage, &c.

The second count is the same as the first, except that it charges the premises to be in the possession of Simeon Swain. The third count differs only in charging that Elvy Russell was seized of the premises. and the fourth, in alleging that Simeon Swain was possessed of the premises for a term of years.

Two objections are made to the sufficiency of this indictment : 1st, because it does not charge the personal presence of the prosecutor at the time of the entry and detainer, and 2d, that the counts are repugnant.

The first objection is founded on a misapprehension of what facts are set forth in the bill, for the personal presence of the prosecutor does plainly and sufficiently appear in the allegation that he was " then and there in the peaceable possession," and was " then and there violently, forcibly and with a strong hand, expelled, amoved and put out of the said messuage," &c, which facts are wholly inconsistent with the idea that the prosecutor was absent at the time of his violent expulsion.

We are, therefore, not now called upon to say, whether either an actual possession of the premises by the prosecutor, or his actual presence, is necessary to be alleged and proved in an indictment for forcible entry and detainer. For the same reason, the cases cited for the defendants, to show that the personal presence of the prosecutor must be charged to constitute the offence, have no application, indeed they seem to apply only or mostly to forcible trespass, quite a distinct offence from this. The second objection, to wit : repugnancy in the several counts, is equally untenable.

The rule here is, that where the indictment contains charges

STATE *v*. EASON *et al.*

that are actually distinct, and grow out of different transactions, in such cases the Court will compel the State to elect, or will quash. But where it appears by the indictment, as it clearly does here, that the charges in the several counts relate to the same transaction, varied and modified merely to meet the probable proofs, the Court cannot either quash or compel an election. Whar. Am. Cr. L., secs. 416, 22, 23 and 518. *Kane* v. *People*, 8 Wend., 203 ; *State* v. *Haney*, 2 D. & B., 390.

Approved precedents, long settled and generally used, are strong proof that the indictment is sufficient.

The form used in our case is copied from Arch. Cr. Pl., tit. Forcible Entry. See, also, 2 Bish. Crim. Prac., sec. 329, and Whar. Prac.

This indictment is under the statute, and that it is a most wise and beneficial statute, appears in the fact, that although from its antiquity it has become a part of the common law, yet it is brought forward and re-enacted in the statute law of most, if not all the States of the Union.

"None shall make entry into any lands and tenements or term for years, but in case where entry is given by the law ; and in such case, not with strong hand nor with multitude of people, but only in a peaceable and easy manner; and if any man do the contrary, he shall be guilty of a misdemeanor." Rev. Code., chap. 49, sec. 1.

Judgment reversed and *venire de novo.*

PER CURIAM.                              Judgment reversed.