STATE v. BURNETT.

(Filed September 25, 1906).

*Indictments—Motion to Quash—Joinder of Offenses—Election by Solicitor—Duplicity—Waiver—Abduction—Elements of Offense—Defenses—Burden of Proof—Instructions.*

1. A motion to quash an indictment after plea of not guilty is allowable only in the discretion of the Court.

2. An indictment for abduction, containing two counts, one under Rev., sec. 3358, which makes it a felony to abduct or by any means induce

142—37

any child under the age of 14 years to leave the father, and the second count under Rev., sec. 3630, which makes it a misdemeanor to entice any minor to go beyond the State without the written consent of the parent, etc., cannot be quashed for misjoinder of two different offenses, as the two counts are merely statements of the same transaction to meet the different phases of proof.

3. When an indictment charges several distinct offenses in different counts, whether felonies or misdemeanors, the bill is not defective, though the Court may in its discretion compel the Solicitor to elect, if the offenses are *actually* distinct and separate; but there is no ground to require the Solicitor to elect when the indictment charges the same act "under different modifications, so as to correspond with the precise proofs that might be adduced."

4. To charge two separate and distinct offenses in the same count is bad for duplicity, and the bill may be quashed on motion in apt time, but the objection is waived by failing to move in apt time and is cured by a *nol. pros.* as to all but one charge, or by verdict.

5. Abduction under Rev., sec. 3358, is the taking and carrying away of a child, ward, etc., either by fraud, persuasion, or open violence. The consent of the child is no defense. If there is no force or inducement and the departure of the child is entirely voluntary, there is no abduction.

6. If the charge substantially embraces the prayers of the appellant so far as they are correct, it is sufficient. It is not necessary to give them *verbatim*.

7. In an indictment for abduction under Rev., sec. 3358, an allegation or proof that the taking of the child was "against the father's will and without his consent" is not required. That the carrying away was with the father's consent is a defense, the burden of which is upon the defendant.

INDICTMENT for abduction against W. E. Burnett, heard by *Judge G. W. Ward* and a jury, at the May Term, 1906, of the Superior Court of VANCE.

From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*F. S. Spruill, T. M. Pittman* and *J. C. Kittrell* for the defendant.

STATE *v.* BURNETT.

CLARK, C. J: The defendant was convicted of abduction. There are two counts in the bill, one based upon Revisal, sec. 3358, which makes it a felony to "abduct or by any means induce any child under the age of fourteen years, who shall reside with the father  *   *   *   to leave such person *   *   *  " The second count is under Revisal, sec. 3630, which makes it a misdemeanor to entice any minor to go beyond the limits of the State for the purpose of employment without the consent in writing "of the parent, guardian or other person having authority over such minor." The jury found the defendant guilty on the first count and not guilty on the second. After the indictment was read to the jury, the defendant asked leave to withdraw his plea of not guilty and moved to quash the indictment for misjoinder of two different offenses. This was denied, and defendant excepted. A motion to quash after plea of not guilty is allowable only in the discretion of the Court. *State v. DeGraff,* 113 N. C., 688; *State v. Flowers,* 109 N. C., 845; *State v. Miller,* 100 N. C., 543; *State v. Jones,* 88 N. C., 671.

We may note, however, that if the motion had been made in apt time, when the several counts are, as in this case, merely statements of the same transaction varied to meet the different phases of proof, the bill cannot be quashed. *State v. Harris,* 106 N. C., 682; *State v. Parish,* 104 N. C., 679; *State v. Morrison,* 85 N. C., 561; *State v. Eason,* 70 N. C., 88. An indictment containing several counts describing the same transaction in different ways is unobjectionable. *State v. Haney,* 19 N. C., 390; *State v. Eason, supra; State v. Reel,* 80 N. C., 442; *State v. Morrison, supra; State v. Parish, supra; State v. Howard,* 129 N. C., 656; *State v. Morgan,* 133 N. C., 743.

To charge two separate and distinct offenses in the same count is bad for duplicity, *State v. Cooper,* 101 N. C., 684, and the bill may be quashed on motion in apt time, but the objection is waived by failing to move in apt time and is cured

by a *nol. pros.* as to all but one charge, or by verdict. *State v. Cooper, supra.* When an indictment charges several distinct offenses in different counts, whether felonies or misdemeanors, the bill is not defective, though the Court in its discretion may compel the Solicitor to elect, if the offenses are *actually* distinct and separate, lest the prisoner be confused in his defense or embarrassed in his challenges; but there is no ground to require the Solicitor to elect when the indictment charges the same act "under different modifications, so as to correspond with the precise proofs that might be adduced." *State v. Haney,* 19 N. C., 394; *State v. Barber,* 113 N. C., 714; *Gold Brick case,* 129 N. C., 656, and cases there cited. Besides, duplicity is ground only for a motion to quash, made in apt time, and is cured by verdict. *State v. Wilson,* 121 N. C., 655; *State v. Hart,* 116 N. C., 978; *State v. Cooper, supra; State v. Haney, supra; State v. Simons,* 70 N. C., 336; *State v. Locklear,* 44 N. C., 205.

The Court charged the jury on the first count that they "must be satisfied beyond a reasonable doubt that the girl was under fourteen years, that she was residing with her father, and that the defendant took and carried her away, not only against his will and without his consent, but that the taking and carrying of the child was by the defendant's force, fraud, persuasion or other inducement, exercising a controlling influence upon her conduct; that if he merely permitted her to go with him and his family and gave her his active assistance, that of itself would not make him guilty; that abduction is the taking and carrying of a child, ward, etc., either by fraud, persuasion or open violence; that the consent of the child is no defense; but if there was no inducement nor force and the child departed from her father entirely voluntarily on her part, the defendant was not guilty of abduction; that should the jury find that the girl was taken away by the defendant against her father's will and without his consent, the defendant cannot be convicted unless the

jury should go further and find beyond a reasonable doubt that the girl was carried away by the force or fraud or induced to go by the persuasion of the defendant." This charge substantially embraced the prayers of the defendant so far as they were correct. It was not necessary to give them *verbatim*. See numerous cases cited in Clark's Code (3 Ed.), sec. 415.

In *State v. Chisenhall,* 106 N. C., 679, the Court adopts Webster's definition of abduction,. "The taking and carrying away of a child, a ward, a wife, etc., either by fraud, *persuasion* or open violence," and adds: "It is clear that the consent of the child, obtained by means of persuasion, is no defense, since the result of such persuasion is just as great an evil as if it had been accomplished by other means. Even under the English statutes where a 'taking' is required, it was said by *Wightman, J.* (in *Rex v. Handley,* 1 F. and F., 648), that 'a taking by force is not necessary; it is sufficient if such *moral* force was used as to create a willingness on the girl's part to leave her father's home.'" The Court then further added that "the true spirit of the statute is for the protection of the parent." Of course, if there is no force or inducement and the departure of the child is entirely voluntary, there is no abduction. The defendant has no cause to object to his Honor's charge. Indeed, it may be here noted that an allegation or proof that the taking was "against the father's will and without his consent" is not required by the statute as to the first count. *State v. George,* 93 N. C., 567. That the carrying away was with the father's consent is a defense, the burden of which is upon the defendant. *State v. Chisenhall, supra.*

No Error.