STATE OF NORTH CAROLINA v. RUSH M. WALKER, SR.

No. 7717SC598

(Filed 7 February 1978)

1. **Abduction § 1— taking of child by parent—no crime of abduction**

    In the absence of an order giving custody of a child to his mother, the father of the child taken cannot be guilty of the crime of child abduction; moreover, the father's consent to the taking of a child is a defense, the burden of which is upon the defendant.

2. **Abduction § 1— grandfather's abduction of grandson—father's consent—nonsuit required**

    In a prosecution of defendant for abduction of his grandson, the trial court erred in failing to grant his motion for nonsuit where all of the evidence tended to show that defendant and the child's father acted in concert in taking the child from his school bus, placing him in defendant's automobile, and leaving the school, and the only inference reasonably deducible is that the defendant was acting with the consent of the child's father.

3. **Abduction § 1— abduction of child—mistaken belief concerning child's identity—failure to instruct—error**

    In a prosecution of defendant for abduction of his grandson and a female child, the trial court erred in failing to instruct the jury on the defense of mistake of fact, since the evidence tended to show that defendant and his son were operating under the mistaken belief that the female child whom they allegedly abducted was defendant's granddaughter.

APPEAL by defendant from *Seay, Judge.* Judgment entered 24 February 1977 in Superior Court, CASWELL County. Heard in the Court of Appeals 17 November 1977.

Defendant was charged in proper bills of indictment with the abduction of Rush M. Walker III (Case Number 76CR2134) and Vickie Irby (Case Number 76CR2133). Upon a plea of not guilty to each charge, the State offered evidence tending to show the following:

Norma Irby (formerly Norma Walker) was married to Rush M. Walker, Jr., in the Phillipine Islands in 1969. There were two children born of this union: Rush Walker III and Joy Walker. Norma Irby returned to the United States in 1973, and for a brief period she and the two children lived with the defendant, her father-in-law, while her husband remained overseas. She later moved from the defendant's home in Danville, Virginia, but continued to make frequent visits to see the defendant until she was

divorced from Walker and married to Acie Irby in 1975, at which time all contacts ceased. Norma Irby has not seen her former husband for three years and has not seen her son, Rush Walker III since the morning of 11 May 1976 when she sent him to school.

On 11 May 1976, the day of the alleged abduction, Rush Walker III, who was 7 years of age, and Vickie Irby, who was 5 years of age, along with Leroy Matherly boarded the school bus in Mebane, North Carolina. While en route to the school the children noticed a blue automobile following the bus. Rush informed Leroy Matherly that the occupants of the automobile were his father (Rush Walker, Jr.) and his grandfather (the defendant). When the bus arrived at the school the children began filing off. The two men in the blue automobile parked behind the bus and jumped out. As Rush Walker III descended the steps of the bus the defendant grabbed him and carried him to the car, explaining to an inquiring teacher that "these are our children." The younger man picked up Vickie Irby exclaiming to the bus driver that he was her parent, and carried her to the car. The two men then left with the children. Approximately five minutes later Vickie Irby was found walking back to the school. Rush Walker III has not been seen since the day of the alleged abduction.

The defendant offered evidence tending to show the following: On 11 May 1976 the defendant left his home in Danville, Virginia, travelling south in search of employment. As he was driving through Mebane, North Carolina, his son drove up behind him. His son joined him in his automobile, and the two men drove to a point near the school which Rush Walker III attended. When the bus carrying Rush Walker III, passed, the two men followed it. Upon their arrival at the school they ran to the door of the bus. The defendant's son grabbed Rush Walker III and handed him to defendant, who carried him to the car. The defendant waited while his son carried a little girl whom the defendant believed to be his granddaughter. The two men left in the automobile with the two children in their custody. When they reached the highway one-half mile from the school, they realized that the little girl was not Joy Walker, the defendant's granddaughter. They immediately turned around, drove back to the school and let Vickie Irby out of the car. After driving to the location of the other automobile, the defendant's son and grandson departed. The defendant resumed his trip south in pursuit of

employment. He has not seen Rush Walker, Jr., or Rush Walker III since the day of the occurrence.

The jury returned a verdict of guilty as to each charge. From a judgment imposing a prison sentence of three to five years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Christopher P. Brewer for the State.*

*Ramsey, Hubbard & Galloway by James E. Ramsey and Joel H. Brewer for the defendant appellant.*

HEDRICK, Judge.

In North Carolina the criminal offense of child abduction is set out in G.S. 14-41 as follows:

> § 14-41. *Abduction of children.* — If anyone shall abduct or by any means induce any child under the age of fourteen years, who shall reside with its father, mother, . . . to leave such person or school, he shall be guilty of a felony, . . . .

A provision found in the companion statute proscribing conspiracy to abduct children, G.S. 14-42, must be read in harmony with the preceding section: "Provided, that no one who may be a nearer blood relation to the child than the persons named in § 14-41 shall be indicted for either of said offenses."

[1] It is clear, then, that at least in the absence of a custody order in favor of the mother, the father of the child taken cannot be guilty of the crime of child abduction. This rule was logically extended in *State v. Burnett*, 142 N.C. 577, 581, 55 S.E. 72, 74 (1906), where the Supreme Court stated that the "father's consent is a defense, the burden of which is upon the defendant." *See also* Annot., 77 A.L.R. 317 (1932).

[2] Defendant first challenges his conviction for the abduction of his grandson, Rush Walker III. In his fifth and twelfth assignments of error defendant contends that the trial court erred in failing to grant his motion for nonsuit at the close of all the evidence. He argues that the uncontradicted evidence of the State and the defendant establishes the consent of the father of Rush Walker III.

The appropriateness of a nonsuit can be determined pursuant to well-established law in this State. The State is entitled to all inferences which can reasonably be drawn from the evidence considered in a light most favorable to the State. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). When the State's evidence is conflicting and tends to inculpate and exculpate at the same time, then the case should be submitted to the jury and a nonsuit is improper. *State v. Robinson*, 229 N.C. 647, 50 S.E. 2d 740 (1948). "When, however, the State's case is made to rest entirely on testimony favorable to the defendant, and there is no evidence *contra* which does more than suggest a possibility of guilt or raise a conjecture," a nonsuit is proper. *State v. Robinson, supra* at 649, 50 S.E. 2d at 741. The question for determination in this Court, then, is whether a jury could reasonably infer the defendant's guilt from all evidence presented by the State and the uncontroverted evidence of the defendant.

All of the evidence in the case before us tends to show that the defendant and the father of Rush Walker III acted in concert in taking the child from the school bus, placing him in the automobile, and leaving the school. The only inference reasonably deducible is that the defendant was acting with the consent of the child's father. Under these circumstances, we are of the opinion that the court erred in denying the defendant's motion for judgment as of nonsuit.

Defendant also challenges his conviction in Case Number 76CR2133 for the abduction of Vickie Irby. He first assigns as error the denial of his timely motions for judgment as of nonsuit. He supports these assignments of error with substantially the same arguments as advanced in the case involving the abduction of Rush Walker III. Suffice it to say that the evidence when considered in the light most favorable to the State is sufficient to require submission of this case to the jury and to support the verdict.

[3] By his ninth assignment of error defendant contends that the trial judge erred in failing to instruct the jury on the defense of mistake of fact. In support of this argument defendant cites evidence tending to show that defendant and his son were operating under the mistaken belief that the female child whom they allegedly abducted was Joy Walker, the granddaughter of defendant.

It is an elementary principle that general criminal intent is an essential component of every *malum in se* criminal offense. W. Lefave and A. Scott, Criminal Law § 28, 201 (1972); *State v. Welch*, 232 N.C. 77, 59 S.E. 2d 199 (1950). Where *specific intent* is not an element of the offense charged, "[a] person is presumed to intend the natural consequences of his act . . . ." *State v. Ferguson*, 261 N.C. 558, 561, 135 S.E. 2d 626, 628 (1964). Thus, an inference of general criminal intent is raised by evidence tending to show that the defendant committed the acts comprising the elements of the offense charged. *State v. Ferguson, supra; State v. Chester*, 30 N.C. App. 224, 226 S.E. 2d 524 (1976). The presumption of intent establishes a *prima facie* case for the State, and if no opposing inferences are raised by the evidence, the trial judge is not required to instruct on general criminal intent. *State v. Gleason*, 24 N.C. App. 732, 212 S.E. 2d 213 (1975). On the other hand, if an inference that the defendant committed the act without criminal intent is raised by the evidence then the presumption dissolves and the law with respect to intent "becomes a part of the law of the case which should be explained and applied by the court to the evidence in the cause." *State v. Elliott*, 232 N.C. 377, 378-9, 61 S.E. 2d 93, 95 (1950).

An examination of the evidence presented by the defendant reveals that the general principles recited above are applicable to the present case. The defendant testified that when he took the little girl, Vickie Irby, he believed that she was his granddaughter, Joy Walker; that he discerned the true identity of the child after he and his son had driven one-half mile from the school; that upon realizing that the child was not his granddaughter, he returned to the school and let the child out of the automobile. According to this evidence, if the facts had been as the defendant supposed, he would have committed no crime in taking Joy Walker since he was acting under the authority and with the consent of her father. *State v. Burnett*, 142 N.C. 577, 55 S.E. 72 (1906). The evidence viewed in this light obviously permits the inference that defendant in taking Vickie Irby was laboring under a mistake as to the identity of the little girl which could negate any criminal intent. *Dominguez v. State*, 90 Tex. Cr. R. 92, 234 S.W. 79 (1921). In appropriate cases, culpable negligence has been considered the equivalent of criminal intent. *State v. Colson*, 262 N.C. 506, 138 S.E. 2d 121 (1964). Accordingly, in order to

negate criminal intent, the mistake under which the defendant was acting must have been made in good faith and with due care. *State v. Powell*, 141 N.C. 780, 53 S.E. 515 (1906).

In accordance with the principles set forth, we hold that the trial judge erred in not declaring and explaining the law on a substantial feature of the case arising from the evidence that the defendant believed that he and his son were taking the latter's daughter, Joy Walker, when they were in fact taking Vickie Irby. *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974).

The result is: in Case Number 76CR2134 wherein the defendant was charged with abducting Rush Walker III, reversed; in Case Number 76CR2133 wherein the defendant was charged with abducting Vickie Irby, new trial.

Reversed in Case Number 76CR2134.

New trial in Case Number 76CR2133.

Judges MORRIS and ARNOLD concur.