IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-968

Filed: 6 October 2020

Lincoln County, Nos. 16CRS054353, 16CRS054354, 16CRS054359, 17CRS000336

STATE OF NORTH CAROLINA

v.

TIMOTHY DAVID FRENCH, Defendant.

Appeal by Defendant from judgment entered 29 November 2017 by Judge Casey M. Viser in Lincoln County Superior Court. Heard in the Court of Appeals on 26 August 2020.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney Brenda Menard, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for Defendant-Appellant.*

INMAN, Judge.

A thief who led law enforcement officers on a high-speed chase after discovering a three-year-old child in the back seat of the truck he had stolen was properly convicted of larceny of a motor vehicle, first-degree kidnapping, and abduction of a child.

Timothy David French ("Defendant") petitions this Court from a judgment following a jury verdict finding him guilty of larceny of a motor vehicle, possession of

stolen property, abduction of a child, first-degree kidnapping, and obtaining habitual felon status. Defendant asserts that the trial court erred by denying his motion to dismiss the child abduction charge when the State failed to show evidence of Defendant's intent to abduct the child, by instructing the jury on theories of kidnapping not contained in the indictment, and by entering a judgment on verdicts for both larceny and possession of the same stolen property.

After careful review, we hold that Defendant has failed to show error in the denial of Defendant's motion to dismiss as to the abduction charge, or that the trial court committed plain error by instructing on theories for kidnapping not alleged in the indictment. The State concedes and we hold that the trial court erred by entering judgment on verdicts for both larceny and possession of the same stolen property.

## I. **FACTUAL AND PROCEDURAL HISTORY**

The evidence presented at trial tends to show the following:

On the morning of 17 December 2016, a three-year-old child was strapped into a car seat in the back of his father's truck at a gas station on Gastonia Highway. The two were on their way to a parade. The father ran inside to make a purchase. The truck remained in the father's view while he was inside the store, but when he looked away for "a split second," Defendant got into the driver's seat of the truck and sped off. The child's father ran outside screaming that his son was still in the truck and a bystander promptly called 911.

Police arrived at the gas station, obtained a description of the truck and the child, and sent a message to law enforcement to be on the lookout for both. An officer nearby saw a vehicle matching the description circulated by law enforcement and began to follow the truck. After calling in the license plate number, he confirmed it was the truck with the child likely still inside. Defendant drove normally until the officer turned on his blue lights. Defendant then accelerated, passing the car in front of him on the three-lane-road. Defendant proceeded to lead police on a high-speed chase, exceeding 100 miles-per-hour, crossing the median several times, and traversing state lines.

During the chase, Defendant called 911. He identified himself as the driver of the truck and told the operator there was a child in the back seat of the vehicle. Defendant claimed he mistakenly thought the truck was his "buddy's" and that this was all a "prank" that had gone "south." Defendant tried to bargain with the operator because he "didn't want the kid to get hurt," saying he would let "the kid" out if the officers stopped chasing him. He refused to pull over despite the operator's repeated pleas to do so. Defendant eventually hung up and continued to drive at excessive speeds for fifteen more minutes, driving into oncoming traffic at least once.

In total, Defendant drove approximately 23 miles for at least 20 minutes with the child in the truck before jumping a curb and getting stuck in a wooded area. Defendant attempted to reverse the truck, spinning the wheels. He then tried to

escape on foot and was quickly apprehended by law enforcement officers. The child was still secured in his car seat and "appeared well." Defendant told officers that he had been unaware the child was in the truck at the time he initially drove away. He said he "wanted to make a deal" and provide information about other crimes but did not make any other statements to arresting officers.

On 8 May 2017, a Lincoln County grand jury indicted Defendant on one count each of first-degree kidnapping, abduction of a child, larceny of a motor vehicle, possession of stolen property, and obtaining habitual felon status. At the pre-trial charge conference, parties agreed to instruct the jury solely on the "removal" theory for first-degree kidnapping, reflecting the language of the indictment. Defendant's trial began on 27 November 2017.

At trial, the prosecutor requested jury instructions on all three theories of kidnapping—confinement, restraint, and removal——to which Defendant's counsel responded, "I mean, it's not going to matter to me." The jury found Defendant guilty on all charges on 29 November 2017. Defendant then pled guilty to attaining status as an habitual felon. The trial court consolidated the convictions to a single judgment, sentenced Defendant to a term of 82 to 159 months of imprisonment, and ordered Defendant to register as a sex offender for 30 years upon release. Defendant did not give oral or written notice of appeal. On 7 December 2018, Defendant filed a Petition for Writ of Certiorari with this Court, which was allowed on 20 December 2018.

## II. **ANALYSIS**

### A.     *Defendant's Motion to Dismiss*

Defendant asserts that the trial court erred in denying his motion to dismiss the child abduction charge because the State did not establish that Defendant acted with the requisite intent to abduct the child.  Defendant also argues that the trial court committed plain error in failing to instruct the jury on a scienter requirement. After careful review, we disagree.

We review a trial court's denial of a motion to dismiss *de novo*.  *State v. McKinnon*, 306 N.C. 288, 298, 293 S.E.2d 118, 125 (1982).  We consider whether, viewed in the light most favorable to the State and giving the State the benefit of all reasonable inferences, the jury was presented with substantial evidence of each element of the offense charged.  *State v. Herring*, 322 N.C. 733, 738, 370 S.E.2d 363, 367 (1988).  Defining the elements of our child abduction statute also presents a question of law subject to *de novo* review.  *State v. Jones*, 237 N.C. App. 526, 530, 767 S.E.2d 341, 344 (2014).

Willfulness Requirement in Child Abduction

Defendant argues that the child abduction statute requires the State to show substantial evidence of Defendant's "willfulness" in abducting the child.  The plain language of the statute compels us to disagree.

Our General Statutes provide:

> Any person who, without legal justification or defense,
> abducts or induces any minor child who is at least four
> years younger than the person to leave any person, agency,
> or institution lawfully entitled to the child's custody,
> placement, or care shall be guilty of a Class F felony.

N.C. Gen. Stat. §14-41(a) (2019).

Certainly, a "common law presumption against criminal liability without a showing of *mens rea*" exists. *State v. Huckelba*, 240 N.C. App. 544, 552, 771 S.E.2d 809, 816 (2015), *rev'd on other grounds*, 368 N.C. 569, 780 S.E.2d 750 (2015). "Moreover, strict liability crimes are disfavored." *State v. Bowman*, 188 N.C. App. 635, 650, 656 S.E.2d 638, 650 (2008). However, in asking us to read a requirement of "willfulness" into Section 14-41, Defendant creates a false dichotomy between a strict liability offense and one requiring a specific intent, omitting the plausible alternative that the General Assembly meant for the abduction of a child to be a general intent crime.

Defendant interprets Section 14-41's narrowed criminal liability for abduction "without legal justification or defense" to include the element of willfulness, relying on this Court's definition of willfulness as "the wrongful doing of an act *without justification or excuse*, or the commission of an act purposely and deliberately in violation of law." *State v. Arnold*, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (emphasis added). The State responds with a more probable explanation—that "without legal justification and defense" extends certain legal defenses like mistake

of fact, necessity, or justification to those charged with abduction of a child.  *See State v. Walker*, 35 N.C. App. 182, 186, 241 S.E.2d 89, 92 (1978) (allowing an instruction on the defense of mistake of fact where a grandfather mistakenly picked up a child he thought to be his granddaughter from school).  We agree with Defendant that the General Assembly did not intend to make abduction of a child a strict liability offense because the statute includes legal defenses that negate a defendant's criminal liability through the language "without legal justification and defense."  But we disagree with Defendant's argument that the legislature must have intended to make it a specific intent crime.

*State v. Barnes* addressed a similar argument by a defendant that because the crime was not one of strict liability, it required some showing of specific intent.  229 N.C. App. 556, 560-63, 747 S.E.2d 912, 916-18 (2013).  We agreed with the defendant that the crime in question was not a strict liability crime, but rejected his specific intent argument.  *Id.* at 560-61, 747 S.E.2d at 916-17.  Absent any indication to the contrary in the statute, we held that the crime in question was merely one of *general* intent, which required only a "knowing" *mens rea* and allowed a defendant to avoid liability through, for example, a mistake of fact defense.  *Id.* at 562, 747 S.E.2d at 917-18.  A requirement that a defendant act "willfully" creates a specific intent crime. *State v. Creech*, 128 N.C. App. 592, 598, 495 S.E.2d 752, 756 (1998); *State v. Eastman*, 113 N.C. App. 347, 353, 438 S.E.2d 460, 463 (1994).

The General Assembly is capable of imposing a specific intent, like that of willfulness, in codifying a crime and has done so in several instances. In *State v. Haskins*, this Court declined to read a criminal intent requirement into the statutory crime of possession of a weapon on educational property because the plain language of the statute included no reference to a *mens rea* element. 160 N.C. App. 349, 352, 585 S.E.2d 766, 767 (2003), *superseded by statute as recognized in State v. Huckelba*, 240 N.C. App. 544, 559-62, 771 S.E.2d 809, 821-23 (2015). Following that decision, the General Assembly added a specific intent element by amending N.C. Gen. Stat. § 14-269.2(b) to include the word "knowingly." Act of June 17, 2011, S.L. 2011-268, § 4, N.C. Sess. Laws 1002, 1003-04 (codified as amended at N.C. Gen. Stat. § 14-269.2(b) (2019)). This Court then acknowledged the amendment and recognized the added *mens rea* requirement. *Huckelba*, 240 N.C. App. at 550-52, 771 S.E.2d at 816, *rev'd on other grounds*, 368 N.C. 569, 780 S.E.2d 750 (2015).

The child abduction statute does not include the word "willfully" or any other specific *mens rea* element. "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *State v. Jones*, 358 N.C. 473, 477, 598 S.E.2d 125, 128 (2004) (quoting *Lemons v. Old Hickory Council, Boy Scouts of Am., Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988)). Because the plain language of the child abduction

statute is not ambiguous, we need not consider legislative history to determine the legislature's intent.

<u>Substantial Evidence Supported the Child Abduction Charge</u>

Although the child abduction statute includes no element of specific intent, the State in this case presented substantial evidence that Defendant knew he abducted a child at the point he called the 911 operator, if not much earlier, and willfully led police on a high-speed chase for at least fifteen more minutes with the child strapped into his car seat in the back of the truck.

The evidence, which we must consider in the light most favorable to the State, tends to show that after discovering the young boy in the truck, Defendant continued to abduct him. It is well-established that "when the statute does not make knowledge or intent an essential element, the State may, upon proof of the commission of the act, rest and rely upon the presumption that knowledge is in accord with the fact. The duty then devolves upon the defendant to show the exculpatory facts." *State v. Powell*, 141 N.C. 780, 789, 53 S.E. 515, 518 (1906).

A defendant may exculpate a mistake through subsequent conduct. For example, in *State v. Walker*, the defendant was relieved of liability for kidnapping when he promptly returned a child—who he had thought to be his granddaughter— to school upon realizing he picked up the wrong child. 35 N.C. App. 182, 183, 241 S.E.2d 89, 90 (1978). By contrast, in *State v. Waddell*, a defendant who made no effort

to return a stolen vehicle after he discovered it did not belong to him was not relieved of criminal liability on a possession of a stolen vehicle charge. No. COA01-1088, 2002 WL 31055973, at *4-5, (N.C. Ct. App. Sept. 17, 2002).

Defendant's conduct following his discovery of the child did not exculpate him in this case. While on the phone with the 911 operator, Defendant admitted the child was in the truck, but he refused to comply with police and operator demands to safely stop the vehicle. He led police on a high-speed chase for 20 minutes, swerved into oncoming traffic, refused to pull over, and eventually crashed in a park.

For all of these reasons, we conclude that the trial court did not err in denying Defendant's motion to dismiss the child abduction charge.

### B. *Jury Instruction Regarding Specific Intent*

Defendant argues in the alternative that the trial court committed plain error in failing to instruct the jury that it was required to find that he acted willfully in abducting the child. For the above-mentioned reasons, we hold that the trial court did not err, much less plainly err, in its jury instructions.

### C. *Jury Instruction on Theories of Kidnapping*

Defendant also argues the trial court plainly erred by instructing the jury on theories of kidnapping not alleged in the indictment. We disagree.

As a preliminary matter, the State argues that any error relating to the jury instruction on the kidnapping charge was invited by Defendant's conduct at trial and,

therefore, is not reviewable by this Court. Generally, "[i]f at trial the defendant fails to object to a jury instruction, that instruction is reviewable on a plain error standard on appeal." *State v. Raynor,* 128 N.C. App. 244, 247, 495 S.E.2d 176, 178 (1998). However, a "defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." *State v. Gaiten,* 277 N.C. 236, 239, 176 S.E.2d 778, 781 (1970) (citations omitted).

The State argues that because Defendant expressly acquiesced at trial to the jury instruction he challenges on appeal, he is now barred from taking advantage of plain error review. In a case similar to this one, following a trial in which the defendant failed to object to jury instructions, actively participated in their crafting, and ultimately affirmed the instruction provided to the jury as "fine," we held that the argument was still reviewable for plain error. *State v. Harding,* 258 N.C. App. 306, 311, 813 S.E.2d 254, 259 (2018).

The State relies on *State v. Horner*, in which our Supreme Court denied the benefit of plain error review to a defendant whose trial counsel, after being invited by the trial court to propose any additional instructions, explicitly told the trial court that none was necessary. 310 N.C. 274, 282, 311 S.E.2d 281, 287 (1984). More recently, though, our Supreme Court has held that a defendant's failure to object to a jury instruction regarding reasonable doubt at trial despite "numerous

opportunities" to do so, and affirmative statements to the trial court "indicat[ing] his satisfaction," does not waive appeal and will be reviewed for plain error. *State v. Hooks*, 353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (citing N.C. R. App. P. 10(b)(2); *State v. Hardy*, 353 N.C. 122, 131, 540 S.E.2d 334, 342 (2000)).

Here, Defendant's trial counsel failed to object when the instructions were placed directly in issue at trial, and when the prosecutor requested jury instructions on all three theories of kidnapping—confinement, restraint, or removal—Defendant's trial counsel responded, "I mean, it's not going to matter to me." As in *Harding*, though, Defendant's indifference to the theories included in the jury instruction does not bar him from seeking review for plain error before this Court and so we determine whether the jury instructions give rise to a fundamental error.

In any event, Defendant cannot demonstrate plain error because it is undisputed that the evidence at trial supported the theory of kidnapping alleged in the indictment—removal—and also supported the two additional theories of kidnapping included in the instruction—restraint and confinement.

When evidence before the jury is not conflicting as to the kidnapping theories alleged in the indictment versus those included in the jury charge, a defendant cannot show plain error—that the verdict would have changed but for the discrepancy.[1]

_____

[1] Defendant's reliance on *State v. Smith*, 162 N.C. App. 46, 589 S.E.2d 739 (2004), is misplaced. This Court in *Smith* considered an indictment that also only alleged removal while the instructions given to the jury included confinement and restraint theories. *Id.* at 49-50, 589 S.E.2d at 742.

*State v. Gainey*, 355 N.C. 73, 95, 558 S.E.2d 463, 478 (2002) ("[T]here is no reasonable basis for us to conclude any different combination of the terms 'confine,' 'restrain,' or 'remove' in the instruction would have altered the result."); *State v. Lucas*, 353 N.C. 568, 588-89, 548 S.E.2d 712, 726 (2001), *overruled in part on other grounds*, *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). Defendant concedes that in this case, "[t]here was evidence not only that [Defendant] *removed* [the child], but also that [the child] was *confined* in the truck and remained *restrained* in his car seat." Further, none of the evidence or testimony as to restraint, removal, or confinement kidnapping theories was in conflict at trial. So Defendant cannot establish plain error.

Defendant also argues the wrong legal standard to establish plain error, asserting that "[t]here is a reasonable probability that at least one juror would have relied on an impermissible theory to convict [Defendant]." Without showing a probability that the jury would have reached a different result but for the erroneous instruction, Defendant has not been denied a fair trial, nor did the instruction tilt the scales against him as the evidence was sufficient and uncontested for all theories of kidnapping. The trial court did not plainly err in submitting all three theories for kidnapping to the jury.

---

However, much of the evidence involving the removal theory in *Smith* was directly disputed by witness testimony and other evidence. *Id.* at 51-52, 589 S.E.2d at 743-44. This Court held that the discrepancy between the indictment and the instructions amounted to plain error because it was probable that the jury would not have found Defendant guilty if only instructed on the removal theory. *Id.* at 49-53, 589 S.E.2d at 742-44.

D.     *Verdicts on Larceny and Possession of Same Stolen Property*

Finally, Defendant contends, and the State concedes, that the trial court erred in entering judgments on both larceny of a motor vehicle and possession of the same stolen property.  We agree.

"[T]he Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole." *State v. Perry*, 305 N.C. 225, 235, 287 S.E.2d 810, 816 (1982), *overruled in part on other grounds, State v. Mumford*, 364 N.C. 394, 699 S.E.2d 911 (2010).  A defendant cannot be convicted of both offenses when the subject property is the same.  *See id.*  Further, when there are "separate convictions for mutually exclusive offenses, even though consolidated for a single judgment," a defendant may still only be convicted on one of those charges because of the "potentially severe adverse collateral consequences."  *State v. Speckman*, 326 N.C. 576, 580, 391 S.E.2d 165, 168 (1990) (citing *Ball v. United States*, 470 U.S. 856, 865, 84 L. Ed. 2d 740, 748 (1985)).

To remedy this error, the court is required to arrest judgment on one of the convictions.  *State v. Moses*, 205 N.C. App. 629, 640, 698 S.E.2d 688, 696-97 (2010).  Here, Defendant was improperly sentenced to separate punishments for the two offenses when they concerned the same stolen property—the truck.  We arrest judgment on defendant's conviction for felony possession of stolen property.  *See id.*

## III.  **CONCLUSION**

For the reasons explained above, we conclude that the trial court did not err by denying Defendant's motion to dismiss the child abduction charge and that the trial court did not plainly err by instructing the jury on theories of kidnapping not stated in the indictment. Because Defendant was improperly convicted for both larceny and possession of the same stolen property, we vacate defendant's judgment for felony possession of stolen property.

NO ERROR IN PART; NO PLAIN ERROR IN PART; JUDGMENT VACATED IN PART.

Judge COLLINS concurs.

Judge BERGER concurs in result only.